## THE STATE v. GIGHER *et al.*

1. **Criminal law:** JOINT AND SEPARATE TRIALS. Defendants jointly indicted for a misdemeanor may, under section 4789 of the Revision, be tried jointly or separately, at the *discretion of the court.*

2. —— WILLFUL TRESPASS: VERDICT. A verdict against defendants convicted of a willful trespass under section 4324 of the Revision, need not find the value of the property taken.

3. —— EVIDENCE: OF DEFENDANTS JOINTLY TRIED: STATUTE CONSTRUED. Where two or more defendants are jointly indicted and tried, each may call upon and use his co-defendant as a witness, the same as though separate trials had been granted. Sections 3978, 3980, 3981 of the Revision, construed.

### *Appeal from Iowa District Court.*

### MONDAY, DECEMBER 9.

MISDEMEANOR: JOINT AND SEVERAL TRIAL: VERDICT IN WILLFUL TRESPASS : NEED NOT FIX VALUE : ONE CO-DEFENDANT MAY ON JOINT TRIAL TESTIFY FOR THE OTHER. — The defendants were *jointly* indicted under section 4324 of the Revision " for carrying away timber and wood from the land of another." Plea — not guilty. Verdict — guilty. Judgment. Defendants appeal.

*J. H. Murphy & Brother* for the appellants.

*Henry O'Connor,* Attorney-General, for the State.

DILLON, J. — I. The court did not err in refusing defendants' motion for separate trials. Where, as in this case, the indictment is for a *misdemeanor*, the statute (Rev. § 4789) is express that the defendants " may be tried separately or jointly *in the discretion of the Court.*" No facts are exhibited showing an abuse of the discretion which the

*[margin note: 1. CRIMINAL LAW: joint and separate trials.]*

law confides to the District Court. See *State* v. *Marvin*, 12 Iowa, 499.

II. It is objected that the verdict is insufficient, because it did not, as is requisite in larceny, find the *value* of the

*2. —— willful trespass: verdict.* property. There is nothing in the objection. The essential element of the offense is the willful trespass. The amount in value of the property does not necessarily fix the kind or amount of punishment. The reason for which the value is to be found in larceny does not obtain in the offense imputed to the defendants.

III. Defendants were put upon their trial jointly. The court refused one defendant the right to call and

*3. —— evidence: of defendants jointly tried: statute construed.* swear as a witness his co-defendant. Was this error? This presents a new question. Had the trial been several, instead of joint, the case of *The State* v. *Nash* (10 Iowa, 81), would have been applicable; and the defendant would have been entitled, as of right, to call as a witness his co-defendant.

The decision, *Nash's* case, was made under the peculiar provision of our Constitution (art. 1, § 4), and the change in the common law rule on the subject of evidence, made by the Code of 1851. (Code 1851, § 2388.) Since that time, the legislature has relaxed still further the common law rules of evidence.

And now, by statute (Rev. 3978), all persons " are competent witnesses *in all cases*, both civil and *criminal*, except as herein otherwise declared."

" Facts which have heretofore caused the exclusion of evidence may still be shown for the purpose of lessening its credibility." Rev. § 3979.

By the next section (§ 3980), the bar of interest is removed, and parties are competent and compellable to testify. This section is broad enough in its language to embrace criminal cases; and, did it stand alone, we

should probably be required to hold, that it gave to a defendant in a criminal case the right to testify *in his own behalf*. But this the legislature did not intend, and, to prevent such a construction of the section, or to limit it, another section is added, as follows :

" SEC. 3981. But nothing herein contained shall render any person, who, in a criminal proceeding, is charged with the commission of a public offense, competent or compellable to give evidence therein *for or against himself.*" That is, he cannot testify *for* himself at his own instance. So, on the other hand, he cannot be compelled to testify *against* himself, at the instance of the State.

Thus, we see that, by the statute, all persons are " competent witnesses in all cases, civil and *criminal*, except as herein otherwise declared." (§ 3978.) The statute then proceeds to make certain exceptions, but the case before the court is not among those exceptions.

The exception, so far as applicable to criminal cases, is, as we have seen (§ 3981, quoted above), that a person charged with crime shall not be " competent or compellable to give evidence *for or against himself*," not for or against another. It is our opinion, that either of the defendants had a right to call upon his co-defendant to testify. This view is, perhaps, a necessary logical result of the ruling in *The State* v. *Nash* (*supra*), construing the Constitution (art. 1, § 4). But, however this may be, the provisions of the Constitution, together with the statute provisions above referred to, place the matter beyond any reasonable doubt.

Of course, the witness, in testifying, is to be restricted to testimony relating to the case of the party by whom he is called. As under the statute, he is not a competent witness for himself, he is not to be permitted to speak or give evidence in his own behalf.

The writer is the more content with this result because,

from a practical administration of the law as here expounded, he is satisfied, that the case of the witness and that of the party calling him can be kept practically distinct. Besides, it would seem to be unreasonable to make the competency of a witness depend alone upon the fact whether the trial were joint or several, and whether it shall be joint or several, dependent upon the *discretion* of the court. That is, a party accused may or may not use a certain witness, in the discretion of the court. Such would be the result of a contrary holding in the case before us. Again, the rules of evidence adopted by th· common law had, in many cases, the effect to bar out light. The tendency of modern legislation and modern decision is to remove these bars and to let in the light. The change to the extent held in this opinion is, we believe, a wise one. Not a few eminent legal thinkers are in favor of a change still more radical, allowing a defendant on trial for crime to give testimony for himself. Whether such a change would promote the interests of the public or be of real advantage to persons accused of public offenses, admits of great doubt, and is a question which can, perhaps, be satisfactorily determined only by actual experiment.

For the error above mentioned the judgment of the District Court is reversed, and the case remanded for a new trial.

· Reversed.