THE STATE v. DONOVAN.

1. **Evidence:** CRIMINAL LAW: WIFE MAY BE WITNESS FOR HER HUSBAND. When the husband and wife were indicted for keeping a house where intoxicating liquors were unlawfully sold, and were tried together, it was *held* that the wife might be a witness for her husband, with the restriction that her testimony should not be considered in her own behalf.

*Appeal from Dallas District Court.*

WEDNESDAY, DECEMBER 8.

DEFENDANT, with his wife, was indicted for keeping a house where intoxicating liquors were unlawfully sold, and drunkenness, fighting, etc., etc., were permitted. They were tried jointly, and defendant was alone convicted; he now appeals to this court.

*E. Willard*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

BECK, J.—Upon the trial the appellant introduced his wife, who was indicted and on trial with him, as a witness in his behalf, and offered to prove by her that he did not, at the time and place charged in the indictment, keep a house where intoxicating liquors were unlawfully sold, and fighting, drunkenness, etc., were permitted. The witness was not allowed to testify, on the ground that her evidence would be in her own favor.

A wife may be a witness for her husband in a criminal case. Code, section 3642. And when two or more are

jointly indicted and tried, each may have the evidence of his co-defendants, as though he were tried separately. *The State v. Gigher*, 23 Iowa, 318. In such cases the evidence given by the co-defendants must be restricted, so that it will not operate to their benefit. Under these rules, the evidence of the wife ought to have been admitted. It did not necessarily apply to the case against herself, for it does not follow that if defendant did not keep a house of the character charged in the indictment, the wife was not guilty of the offense. Had the evidence been admitted, and the jury properly instructed as to its application and effect—that it could only have been considered by them in determining the guilt or innocence of defendant, she could have derived no benefit from it.

As the judgment must be reversed for the error pointed out, the case need not be further considered.

REVERSED.