## Mitchell Evans *v.* The State.

CRIMINAL PROCEDURE.  *Witness.   Co-defendant.   Severance.*

Where parties jointly indicted are tried separately, the one not on trial is a competent witness against the other at common law, and in his favor by Code 1880, § 3071.

Appeal from the Circuit Court of Chickasaw County.

Hon. J. W. Buchanan, Judge.

The appellant was indicted jointly with Wesley Hill for grand larceny, and convicted on the testimony of the latter, who, after severance, was, under the appellant's objection, introduced as a witness for the prosecution.

*Lacey & Clarke*, for the appellant.

Undoubtedly Hill was an incompetent witness.   The indictment was pending against him when he testified. By Code 1880, § 3071, persons indicted jointly and separately tried are competent witnesses for each other, but with this exception the rule remains as at common law.

*T. C. Catchings*, Attorney General, for the State.

Before the statute, a person charged jointly with another could testify against him where they were separately tried, and Code 1880, § 3071, was intended only to remove a doubt caused by conflicting authorities, as to whether after severance one could be a witness for the other.

Campbell, C. J., delivered the opinion of the court.

Wesley Hill was a competent witness at common law, and was not made less so by § 3071 of the Code, which declares, "where parties jointly indicted are tried separately, the party not on trial shall, in all cases, be a competent witness for the party being tried." The object of this provision was to make co-defendants, when tried separately, competent for each other.  They were competent as witnesses against each other before and continued so.

*Affirmed.*