STATE OF MAINE *vs.* MARY E. BARROWS.

York. Opinion September 26, 1884.

*Evidence. Murder, testimony of a co-defendant.*

In the separate trial of one of two persons jointly indicted for murder, the other defendant, even while the indictment is still pending against himself on a plea of not guilty, may with his own consent, be called as a witness and allowed to testify against his co-defendant.

ON EXCEPTIONS.

Indictment against Oscar E. Blaney and Mary E. Barrows for the murder of Thomas Barrows at Kittery, on the fourteenth of November, 1883. The respondents severally pleaded not guilty. On motion of Mary E. Barrows a separate trial was granted her and she was first put on trial.

The opinion states the question presented by the exceptions.

*Henry B. Cleaves,* attorney general, and *Frank M. Higgins,* county attorney, for the state, cited: R. S., c. 134, § 19; Const. of Maine, Article 1, § 6; Hawkins, P. C. Vol. 4, b. 2, § 95; *Rex* v. *Gerber,* Temple & Mew. 647; *Rex* v. *Gallagher,* 13 Cox, C. C. 61; *Winsor* v. *Rex,* Exch. Ch. 7 B. & S. 490 (118

E. C. L. 178); *State* v. *Jones*, 51 Maine, 125; *Com.* v. *Reid*, 8 Phila. 385; *People* v. *Whipple*, 9 Cow. 707; *United States* v. *Ford*, 99 U. S. 594; *George* v. *State*, 39 Miss. 573; Whart. Cr. Ev. (8 ed.) § 439; *State* v. *Calvin*, R. M. Charl. 151; 1 Arch. Cr. Pr. & Pl. 479; 1 Bish. Cr. Pro. § 1079; *Marler* v. *State*, 67 Ala. 55; 2 Starkie, Ev. 1, 12; 1 Starkie, Ev. 143; 1 Greenl. Ev. § 379; *Jones* v. *Georgia*, 1 Kelley, 610; *Wixon* v. *The People*, 5 Parker's Cr. Rep. 119; Best, Ev. (Morgan Ed.) 170; *Noyes* v. *State*, 41 N. J. 429; *State* v. *Brien*, 3 Vroom, 414; *Hunter* v. *State*, 11 Vroom, 495; *Com.* v. *Marsh*, 10 Pick. 57; *Com.* v. *Brown*, 130 Mass. 279; *State* v. *Dyer*, 59 Maine, 303; *State* v. *Black*, 63 Maine, 212.

*Ira T. Drew, William Emery,* and *John B. Donovan,* for the defendant.

At the common law the witness, although not himself on trial, was not competent, even for the prosecution. Bishop on Crim. Proc. (3d ed.), § § 1020, 1166; *Edgerton* v. *Commonwealth*, 7 Bush, 142; *State* v. *Bruner*, 65 N. C. 499; *People* v. *Donnelly*, 2 Park. C. C. 182; *Lindsay* v. *People*, 63 N. Y. 143; *Rex* v. *Ryan*, Jebb, 5; *State* v. *Mooney*, 1 Yerg. 431; *Man* v. *Ward*, 2 Atk. 229.

Where the co-defendant is offered for the defence, the cases, many of which are cited by Bishop in notes to the. passages above cited, are almost unanimous against his competency at the common law; and the cases that dispute this are led· by *Jones* v. *State*, 1 Kelly, 610; *Garrett* v. *State*, 6 Mo. 1, of which the former is merely an *obiter dictum* that the witness, if he had been offered, would have been admissible; and the latter was severely criticised in *McMillen* v. *State*, 13 Mo. 30, and over-ruled by *State* v. *Roberts*, 15 Mo. 28, the last case being followed by the subsequent decisions in that state. The main ground of objection is, that he is a party to the record. *State* v. *Jones*, 51 Maine, 125; *Commonwealth* v. *Marsh*, 10 Pick. 57; *Commonwealth* v. *Smith*, 12 Met. 238; *State* v. *Young*, 39 N. H. 283; *People* v. *Bill*, 10 Johns. 95; *Adwell* v. *Commonwealth*, 17 B. Mon. 310; *State* v. *Worthing*, 31 Maine, 62,

64; *Moss* v. *State*, 17 Ark. 327; *State* v. *Nash*, 7 Iowa, 347; *Thompson* v. *Commonwealth*, 1 Metcalfe, 13; *Baker* v. *United States*, 1 Minn. 207, and many other cases.

The expressions of some writers and cases to the effect that a co-defendant is a good witness for the prosecution, if not himself on trial, are, when traced back, found to be based on obscure passages of ancient authors or reports, hardly any of which passages are so strong as the language of ALLEN, J., in *Lindsay* v. *People*, *supra*. "An accomplice is in all cases a competent witness for the prosecution;" though that language must have been intended to convey some meaning consistent with other parts of the opinion.

For example, Wharton's statement (Crim. Ev. § 439) that such a witness is admissible for the prosecution rests on three citations: *Rex* v. *Gerber*, T. & M. C. C. 647; *Noyes* v. *State*, 12 Vroom, 429; *Rex* v. *Gallagher*, 13 Cox. C. C. 61.

In *Rex* v. *Gerber*, the matter is said to be settled by 1 Hale, P. C. 305; *Rex* v. *Ellis*, MacNally, 55; *Lee* v. *Gansell*, 1 Cowp. 3; Com. Dig. Testmoigne, witness, A. 3; Hawk. P. C. bk. 2, c. 46, ss. 90 *et seq.*

The citations from Hale and Hawkins will be discussed here-after. In *Rex* v. *Ellis*, a *nol pros.* was entered. In *Lee* v. *Gansell*, it was held that a witness convicted of perjury is competent before judgment. Comyns merely says an accomplice in the same crime is a good witness before conviction, which is of course true in some circumstances, *e. g.*, if he is indicted separately or not indicted, and certainly not true in all circumstances, *e. g.*, if he is jointly indicted and tried; and undoubtedly means only that his being an accomplice does not of itself exclude him. None of these has any tendency to settle the question.

Wharton's second case, *Noyes* v. *State*, merely affirms *State* v. *Brien*, 3 Vroom, 414, and this makes the witness competent for either party, thereby contradicting the decision of this court in *State* v. *Jones*, *supra*. The case cited in *State* v. *Brien*, in support of the decision, are *King* v. *Desmond*, Noy, 154; *Rex* v. *Davis*, 3 Keb. 136; *King* v. *Bedder*, Sid. 237; *Reg.* v. *Lyons*, 9 C. & P. 555; *Rex* v. *George*, 1 C. & Marsh, 111.

The first contains merely the ancient doctrine of approvers. The second and third are cases where defendants against whom there was no evidence were admitted as witnesses for their co-defendants. They have no bearing on the point except on the supposition that the defendants were admitted without acquittal or *nol pros.* as to which the reports are silent; if they were so admitted then, since they were on trial, the cases are opposed by an overwhelming array of later authorities. The fourth has already been discussed. In the fifth the witness had pleaded guilty.

The text writers cited in *State* v. *Brien* are Hale, Starkie, Hawkins, Russell and Roscoe.

Hale says (1 Hale, 305) : " But in these and the like cases, (1) the party that is witness is never indicted, because that doth much weaken and disparage his testimony, but possibly not wholly take away his testimony. (2) And yet, though such a party be admissible, as a witness in law, yet the credibility of his testimony is to be left to the jury, and truly it would be hard to take away the life of any person upon such a witness ;" but a little below he says, "If A B and C be indicted of perjury on three several indictments concerning the same matter, A pleads not guilty, B and C may be examined as witnesses for A for yet they stand unconvicted, although they are indicted." This is one of the standard citations for both sides of the question. The most probable construction would seem to be that he knows the practice to be never to indict an accomplice that the government intends to use as a witness ; he gives a plausible reason ; he, of course, cannot quote decisions as to the competency of such a witness, since the point cannot, according to his statement, ever have been raised ; he is in doubt as to how it would be decided, if raised ; he thinks that, even if such a party should be decided to be admissible as a witness, yet, etc. ; but it has been decided that when the indictments are several, the defendant in one is admissible on the trial of another. Moreover, it may be that the witness he thinks possibly competent is one separately indicted ; though as such a one would be

admissible for the defendant, his competency for the prosecution would probably not have been thought doubtful.

Hawkins says (P. C. bk. 2, c. 46, § 90 [in some editions 94]) : "It has been long settled, that it is no exception against a witness that he hath confessed himself guilty of the same crime, if he have not been indicted for it ; for if no accomplices were to be received as witnesses, it would be generally impossible to find evidence to convict the greatest offenders." And further on (*id.* § 91 [or 95]) : "Also it hath been often ruled that accomplices who are indicted, are good witnesses for the king until they be convicted." And again (*id.* § 94 [or 98]) : "Also it hath been adjudged, that such of the defendants in an information against whom no evidence is given, may be witnesses for the others." These sections are also cited on both sides. The first seems to be rendered nearly meaningless by the second ; for its last sentence shows that the admissibility of such a witness for the prosecution was in his mind the same as is expressly stated in the second, and it can hardly be that the not having been indicted had been thought to be an objection to the witness, or that a previous confession had been thought to make him worse than one made on the witness stand. Again, nothing is said as to whether the supposed indictment is joint or several, and in the last cited section no intimation is given that the defendants, who were to be witnesses for the others, should first be acquitted, of which there can be no doubt whatever, since all are on trial.

The statements of Hale and of Hawkins, therefore, are loose and vague, and their meaning, so far as applicable to this case, is uncertain.

Starkie says (2 Starkie on Evidence, 4th Am. ed. 22) : "An accomplice, as it seems, is a competent witness, and may be examined, although he is indicted along with others, provided he be not put upon his trial at the same time with the others (i)." And note (i) is : "Qu. and see 1 Hale, 305 [quoting a portion of the extract before given in this brief, and italicizing the words, '*but possibly not wholly take away.*'] See also *Rex* v. *Ellis.* MacNally, 55." So far, therefore, as Starkie is an authority, he

:is for the competency of the defendant for either party ; and he .is cited to the compentency for a co-defendant in *Garrett* v. *State, loc. cit.* But he is plainly in doubt.

Russell (2 Russ. on Crimes, 3d ed. by Greaves, 956,) quotes the second of our quotations from Hale (which is only that a defendant who has pleaded guilty is admissible for a co-defendant), and cites the passage just quoted from Starkie and *Rex* v. *Lyons, .supra.* He has no other authorities.

Roscoe (Crim. Ev. 9th ed. 130,) cites our first section from Hawkins, *R.* v. *Gerber, supra,* and *Winsor* v. *R.* L. R. 1 C. C. R. 396 ; S. C. 35 L. J. M. C. 161 ; the latter case being since 14 and 15 Vict. c. 99, s. 1, and also being *obiter* since the improper admission of evidence is not error in the technical .sense.

In Wharton's third case the witness had pleaded guilty.

Of the three cases, then, the first is supported only by the fact that Hale was not sure such a witness might not be admitted, and that Hawkins and Comyns use language vague enough to let :in, if taken without qualification, not only such a witness, but ·even a defendant actually on his trial ; the second is supported in addition by the hesitating opinion of Starkie, by the opinion ·of Russell based thereon, and by that of Roscoe, and both Starkie's opinion and the case itself are inconsistent with the view of this court in *State* v. *Jones, supra* ; the third is not in :point.

It is probable that any other authority against the law claimed ¨by this defendant may be examined with the same result as ¨Wharton.

PETERS, C. J.    Mary E. Barrows and Oscar E. Blaney were ¨jointly indicted for murder. She was separately tried. Blaney, without any further disposition of the indictment as to him than his plea of not guilty, was called as a witness against her. The bill of exceptions presents the question, whether, if two are indicted .jointly, and one pleads not guilty, his testimony, if he consents to be a witness, is admissible for the state on the separate trial ·of the other defendant.

In this state, it is a question to be decided upon the principles of the common law as amended or modulated by statutory provisions.

As a question simply at common law, although there is a contradiction in the cases, the preponderance of authority seems to favor the admission of a co-defendant, not on trial, as a witness, if called by the prosecution. There is very much less authority allowing him to he sworn as a witness for the defense. Whether the distinction be a sensible one or not, it has prevailed extensively. There are really but a few adjudged cases upon the point whether such testimony is admissible for the state, for the reason, probably, that a prosecuting attorney can avoid the question by omitting to indict one party, or by obtaining separate indictments. The defendant having no such election, the cases affecting the testimony in his behalf are more numerous.

Most of the authors on evidence evidently adopt the view that the testimony is admissible when offered by the state. Although but little authority is adduced to support their statements, and the doctrine is not very clearly or positively stated in some instances, still such a general concurrence of favorable expression has much weight upon the question. It goes far to show the common opinion and practice. Hawkins, P. C. book 2, ch. 46, § 90; 1 Hale, P. C. 305; 2 Starkie, Ev. 11; Roscoe, Crim. Ev. (9th ed.) 130, 140; 2 Russell, Crimes, 957. Mr. Wharton says, " An accomplice is a competent witness for the prosecution, although his expectation of pardon depends upon the defendant's conviction, and although he is a co-defendant, provided in the latter case his trial is severed from that of the defendant against whom he is offered." Whart. Cr. Ev. (8th ed.) § 439. Mr. Greenleaf states the same rule. He says, " The usual course is, to leave out of the indictment those who are to be called as witnesses; but it makes no difference as to the admissibility of an accomplice, whether he is indicted or not, if he has not been put on his trial at the same time with his companions in guilt." 1 Greenl. Ev. § 379.

The counsel for the defendant places especial reliance on Mr. Bishop as an opposing authority. That learned commentator

evidently attaches more weight to that side of the question than other writers do. 1 Bish. Cr. Proc. (3rd ed.) § § 1020, 1166. But Mr. Bishop states that all the cases are not in accord with his text, and also says; in a note to the section cited *supra,* that the late English doctrine seems to differ from the rule recognized by him. We find it to be so. Late English cases are quite emphatical to that effect. *The Queen* v. *Thompson,* L. R. 1 C. C. 378; *The Queen* v. *Winsor,* L. R. 1 Q. B. 390; *The Queen* v. *Payne,* L. R. 1 C. C. 349; *The Queen* v. *Deeley,* 11 Cox. C. C. 607. The defendant's counsel, however, in their able and exhaustive brief, contend that the late English cases are based upon acts of parliament in amendment of the common law. It cannot be so, for Chief Justice COCKBURN in *The Queen* v. *Payne, supra,* declares the rule to be according to the law " as it has existed from the earliest times," and other judges gave their opinion that the new enactments were not intended to apply to criminal cases. See cases, *supra.*

The question before us does not appear in any reported case in this state. *State* v. *Jones,* 51 Maine, 125, approaching the question nearer than any other case, merely decides that when two are indicted, and one pleads guilty, his testimony is admissible for the other defendant. KENT, J., says in the opinion : "It seems to be settled that he cannot be thus called whilst the charge in the indictment is pending and undisposed of against him. And this, whether he is to be tried separately or jointly." That is, the defendant cannot be called by the co-defendant. The latter remarks are a correct statement of the law of New York, and New York cases are cited in support of it. See 17 Alb. L. J. 421. In 1876, however, the privilege of calling a co-defendant to testify, before that time possessed by the prosecution only, was extended by a legislative enactment to all parties. 18 Alb. L. J. 160. The case of *Lindsay* v. *The People,* 63 N. Y. 143, relied upon by the defendant's counsel, upon a correct understanding of it, does not contradict previous decisions in that state.

The argument against the admission of such evidence does not strike us with much force. It is almost universally admitted

that an accomplice separately indicted may be a witness for the state, and any distinction arising between trials on a joint indictment and trials on separate indictments is not readily appreciated. The crime is supposed to be jointly committed in either case. If there are separate indictments, the fact of joint criminality is not withheld from the jury. It is not improper to aver it by way of recital or description. The interest and motives of the witness, must be the same whether he is to be afterwards tried under the same or another indictment. As said by BEASLEY, J., in a convincing argument of the question in *State* v. *Brien*, 3 Vroom, 414 : "The only reason for the rejection of such a witness is, that his own accusation of crime is written on the same piece of paper with the charge against the culprit whose trial is in progress."

The reason at first given for not allowing a party to testify was his interest. The old common law shuddered at the idea of any person testifying who had the least interest. But that reason failed sometimes. In many civil cases a party had no interest. Then it was decided that public policy or expediency prevented the reception of the testimony. A party to the record was not permitted to testify, whether interested or not. If only a nominal plaintiff, he could not testify either for the plaintiff or defendant. *Kennedy* v. *Niles*, 14 Maine, 54. Without much reasoning upon the subject, the law pronounced against it. The rule was general. But, as stringent as the rule was, it did not apply to indictments to its full extent. The parallel between civil and criminal cases was not kept up. If a man was indicted and pleaded guilty, he could testify for his co-defendant. *State* v. *Jones, supra.* If, however, he was sued for the same cause, and became defaulted, he could not testify for his co-defendant. *Gilmore* v. *Bowden*, 12 Maine, 412. Courts seemed inclined not to regard a co-defendant in a criminal case as a party, unless "a party to the issue on trial." That distinction is taken in the English cases before cited. To be incompetent to testify, the defendants must be in charge of the same jury. Mr. Starkie struck the same key, who declared that "an indictment against

several is several as to each." It is plainly seen that there is much authority and reason for regarding an indictment of two or more persons as in effect, a joint and several indictment; joint, when the accused are tried jointly; and several, when tried separately.

But, as before intimated, we are not to look upon the question before us as exclusively one at common law. Our statutory enactments bear upon it. They have weakened if not abrogated the argument of public policy. It was, no doubt, the design of the legislature that the objection to the competency of parties as witnesses should be removed in both civil and criminal cases. In civil cases the door is opened widely. In criminal cases the provision is this : " In all criminal trials, the accused shall, at his own request, but not otherwise, be a competent witness. . . The husband or wife of. the accused is a competent witness." R. S., c. 134, § 19. While this enactment does not cover the present question with literal exactness, it approaches it, affects and influences it, and requires us to examine the matter in the light of the legislative policy declared by it. If both defendants were on trial at the same time either could testify. *Com.* v. *Brown*, 130 Mass. 279. If the argument for the defendant is sound, then the common law rule has become reversed. Defendants can testify against each other when tried together, and cannot so testify when tried apart. We do not assent to such a proposition.

The admission of the evidence did no injustice. It bore less heavily upon the defendant than it would have if the witness had not been himself indicted. As Lord HALE says, the indictment against him "doth much weaken and disparage his testimony." It would present a singular inconsistency in criminal procedure, if even one's wife may be compelled to testify against him, and a co-defendant, on trial, may be called from the dock to the witness stand, but a companion in guilt, included in the same indictment, not on trial, be excluded therefrom.

Exceptions were taken to some portions of the charge of the judge to the jury. No argument has been submitted in their

support.   They are clearly untenable, and require of us only a passing word.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.