# Harris *v.* The State.

*Indictment for Burglary.*

1. *Examination of defendant as witness.*— Where several persons are jointly indicted and tried, and each avails himself of the statutory privilege of testifying as a witness (Sess. Acts 1884–5, p. 139), he thereby becomes subject to examination and cross-examination as any other witness; and each has the right to examine the others in his own behalf.

FROM the Circuit Court of Henry.
Tried before the Hon. H. D. CLAYTON.

CASSADY & BLACKWELL, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—The sole question in this case arises under statute No. 80, approved February 17, 1885—Sess. Acts, 139—which provides, "That on the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel." The accused in this case was indicted, with five others, for the crime of burglary; and all were on trial together, under their several pleas of not guilty. "Each of said other five defendants was, at his own request, put upon the stand as a witness, and this defendant asked the court to allow each of said witnesses to testify in his, this defendant's behalf; to which the solicitor objected, and the court sustained the objection, and limited the testimony of each of said defendants to his own case." Defendant excepted.

Defendants, in criminal prosecutions, are not made competent witnesses in general terms, nor in all cases. It is only at

[Andrews v. The State.]

their own request. They are not compellable to testify. The Declaration of Rights relieves them of that. They may testify, if they elect to do so. It is a mere privilege, which becomes a right only when they request the right to exercise it. There is, however, no other restraint or limitation on this right. Electing to exercise it, they become "competent witnesses." Competent to what extent? The statute fixes no limit. Being competent witnesses, other rules of law come in, and define their rights and privileges. They can not be compelled to give testimony against themselves, of other and distinct offenses, if they claim their constitutional exemption. Any other witness has the same right. We think we carry out the spirit of the statute, when we hold, as we do, that when a defendant on trial becomes a witness at his own request, he thereby renders himself liable to examination and cross-examination by any and every one concerned in the trial, to the same extent, and under the same rules, as those which obtain in the examination of disinterested witnesses; and that such testimony is alike subject to the same tests of truth, and the same methods of impeachment, as in case of ordinary witnesses. Less than this would often lead to fragmentary and garbled statements of facts, always to be deprecated in judicial investigation.

What we have said above, it seems to us, naturally springs out of the statute, and the language in which it is expressed. We are, however, not without light on this question. Other States have statutes similar to ours, and their rulings are in harmony with our views.—Whar. Cr. Ev. § 438; 1 Bish. Cr. Pro., 3d ed., §§ 1181 *et seq.*; *Brandon v. People*, 42 N. Y. 265; *Clark v. State*, 50 Ind. 514; *State v. Horne*, 9 Kans. 119; *State v. Kohn*, 9 Nev. 179; *State v. Huff*, 11 Nev. 17; *State v. Gigher*, 23 Iowa, 318.

Reversed and remanded.