RICHARDS *v.* STATE.

(*Knoxville.* November 1, 1892.)

1. CRIMINAL PRACTICE. *Putting defendant under rule while a co-defendant testifies, erroneous.*

One of several defendants jointly upon trial for crime cannot be put under rule while a co-defendant gives evidence on his own behalf. Such constrained absence of a defendant during his trial upon a criminal charge is in violation of his constitutional "right to be heard by himself and his counsel."

Constitution construed: Art. I., Sec. 9.

Cases cited and approved: Andrews *v.* State, 2 Sneed, 550; Witt *v.* State, 5 Cold., 11.

2. CRIMINAL EVIDENCE. *Defendant's evidence competent for and against a co-defendant jointly tried.*

Evidence given by a defendant on his own behalf, upon his trial for a criminal charge is competent, and proper for the consideration of the jury, both for and against a co-defendant jointly upon trial.

Act construed: Acts 1887, Ch. 79.

---

FROM KNOX.

---

Appeal in error from Criminal Court of Knox County. J. W. SNEED, J.

S. G. HEISKELL for Richards.

Attorney-general PICKLE for State.

LURTON, J. John and James Richards were jointly indicted for murder, and tried together. Both were convicted—James of an assault and battery, and John of voluntary manslaughter. The latter only has appealed. After the conclusion of the State's evidence, the defendants announced their purpose to testify as witnesses, each for himself. James was first offered for examination, whereupon the Court, on motion of the District Attorney, ordered that John should be placed under the rule, and excluded from the court-room during the examination of his co-defendant. To this ruling, and against his consequent exclusion from the court-room while his co-defendant was being examined, John Richards excepted. The ruling of the Court was erroneous.

The Constitution guarantees to every defendant in a criminal prosecution "the right to be heard by himself and his counsel." Art. I., Sec. 9.

This guarantee includes the right to be present at every stage of the trial. *Andrews* v. *State*, 2 Sneed, 550; *Witt* v. *State*, 5 Cold., 11; Cooley's Constitutional Limitations, 390.

It has been suggested that the right of a defendant to testify in a criminal prosecution is by the statute conferring the right limited to the delivery of evidence "for himself," and that he may not testify either for or against a co-defendant. If this were conceded, it would nevertheless be error to prevent a co-defendant from being present during such evidence. How else could he see and

Richards *v.* State.

know that the evidence was limited as indicated by the suggestion, or that the jury were properly guarded against giving effect to it as against the absent co-defendant. But we do not assent to the limitation put upon the testimony of such a co-defendant. When one of several defendants on trial together voluntarily becomes a witness, he is a witness. for all purposes. If he knows facts injurious to a co-defendant, they may be brought out either by his own counsel or by the State. The witness's best line of defense for himself may lie in evidence involving the guilt of his co-defendant. On what principle shall it be said that such testimony would be inadmissible? If admissible in his own interest, how is its effect upon his co-defendant to be prevented? Practically it could not fail to be injurious and prejudicial, even if the jury were instructed to disregard it as to the co-defendant affected. We know of no. principle which would exclude any competent evidence simply because it came from a co-defendant testifying for himself under the statute. In view of the possible prejudice of such evidence, or of its possible advantage, the right to be present, and to hear and examine such a witness when testifying for himself, is an important right to every other defendant jointly on trial with .the testifying defendant. The violation of this right is clearly reversible error.

For this error, as well as for another occurring in the charge, and which we state orally, this case must be reversed and remanded for a new trial.