BROAD WILLIAMS, ED. WILLIAMS, WALTER WILLIAMS, MISSIE WILLIAMS AND CHARLIE WILLIAMS, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  Where the record proper shows that an information was filed in open court, during a term, the clerical error of misnaming the particular term at which it was filed in the caption of the information, constitutes no ground for reversing a judgment of conviction thereon.
2.  An accomplice jointly indicted, and as to whom the indictment is pending, can testify on behalf of the State against his co-defendant who is being separately tried.
3.  Under Chapter 4400, laws, approved May 30, 1895, an accused person may at his option be sworn as a witness in his own behalf, and the fact that a co-defendant on a joint trial objects to his becoming a witness, does not render the accused incompetent as a witness or affect the right to testify given him by the statute.
4.  It is sufficient to support a conviction that the evidence sustains the substance of the charge, and where an information under Section 2398, Revised Statutes, alleges that the property obtained by the robbery consists of several distinct articles, a variance in the proof as to one of such articles is immaterial where the evidence as to the other articles corresponds with the allegation.
5.  Evidence examined and found sufficient to support the verdict.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the court.

*Chas. B. Peeler*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

CARTER, J.:

On December 12, 1899, an information was filed in the Criminal Court of Record of Duval county, charg-

ing plaintiffs in error, together with Sam Dixon, Essie Armstrong and Daisy Earle, jointly with the crime of robbery. On January 3, 1900, upon motion of the county solicitor, a severance was granted as to the defendant Daisy Earle, the other defendants were placed on trial jointly, and the jury rendered a verdict of guilty as to plaintiffs in error and Essie Armstrong and not guilty as to Sam Dixon. Sentences were imposed on plaintiffs in error and they sued out this writ of error.

I. The caption and commencement of the information is as follows: "In the Criminal Court of Record of the County of Duval and State of Florida, December term, in the year of our Lord, one thousand eight hundred and ninety-nine: The State of Florida vs. Broad Williams, Ed. Williams, Sam Dixon, Walter Williams Essie Armstrong, Daisy Earle, Missie Williams and Charlie Williams. Information for robbery. In the name and by the authority of the State of Florida: J. B. Christie, County Solicitor for the County of Duval, prosecuting for the State of Florida in said county, under oath information makes," etc. It was filed December 12, 1899, and the defendants were in open court arraigned thereon the same day, and the cause was continued for the term. It is contended under the first assignment of error that this information, though purporting to have been filed at the December term of the court was in fact filed during vacation, and that Chapter 4398 laws, approved May 30, 1895, authorizing its filing in vacation is unconstitutional. Counsel argue that under Chapter 3737, laws, approved June 3, 1887, the December term commenced on the fourth Tuesday in that month, long after the filing of the information and the arraignment and pleas of defendants thereon. The record entries here show that on December 12, 1899, a

term of the court was then being held, and as the time for opening the December term had not then arrived, it must have been during the term next preceding which the act of 1887 above referred to required to begin on the fourth Tuesday in October. The point was not raised in the court below, but without disposing of it on that ground, we think there is enough in the record before us to show affirmatively that the information was in fact filed during a term of the court, and the clerical error of misnaming the particular term in the caption of the information is under the circumstances no ground for reversing the judgment.

II. The State produced as a witness Daisy Earle, and counsel for these plaintiffs in error objected to her testimony on the ground that the witness was a co-defendant against whom the information was still pending. The court overruled the objection and this ruling is assigned as error. The ruling is sustained by the decision of this court in Adams v. State, 28 Fla. 511, 10 South. Rep. 106, where it was held that an accomplice, jointly indicted and as to whom the indictment is pending, can testify on behalf of the State against his co-defendant who is being separately tried. See, also, to the same effect. Winsor v. Queen, L. R. 1. Q. B. Cas. 289, 390; Benson v. United States, 146 U. S. 325, 13 Sup. Ct. Rep. 60; State v. Brien, 32 N. J. L, 414; State v. Prudhomme, 25 La. Ann. 522; State v. Barrows, 76 Me. 401; Evans v. State, 61 Miss. 157.

III. Sam Dixon and Essie Armstrong offered themselves as witnesses, each in his own behalf, but plaintiffs in error objected on the ground that said parties were jointly charged and were being jointly tried with them, and could not therefore be witnesses against them. The court overruled the objections and upon ex-

ceptions to such rulings other assignments of error are based. Under Chapter 4400 laws, approved May 30, 1895, "in all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses," etc. Sam Dixon and Essie Armstrong clearly had the right under this statute to become witnesses each in his own behalf, and the court could not deny them that right when they exercised the option given by the statute. If, under such circumstances, they did not as against their co-defendants occupy the status of other witnesses as to all matters within their knowledge material to the issues for or against their co-defendants (Richards v. State, 91 Tenn. 723, 20 S. W. Rep. 533; Commonwealth v. Brown, 130 Mass 279; Harris v. State, 78 Ala. 482), they at least had the right to testify to any matter material to the issues so far as their defence was concerned, even though such testimony should be harmful to their co-defendants. If testimony beyond this was given, its propriety can not be tested by objections to the competency of the witness. Commonwealth v. Robinson, 1 Gray, 555. The objections in this case were addressed to the competency of the witnesses, and not to any particular portion of the testimony, and, for the reasons stated, the objections were properly overruled.

IV. The other assignments of error are based upon the ruling denying the motion for a new trial, the contention being that the evidence is insufficient to support the verdict. The information alleged that the property obtained by the robbery was "one silver dollar, currency of the United States, of the value of one dollar, one hat of the value of one dollar, one rule of the value of forty cents, two packages of tobacco of the value of ten

cents." The evidence as to the property taken corresponded with this allegation in every respect except as to the currency. As to this item the party robbed testified: "I also had taken from me by that crowd a dollar in change. I do not remember exactly the denomination of the pieces of money, but I know that I did not have a half-dollar piece, but believe that I had two twenty-five cent pieces, several dimes, and I am sure that among this dollar in change there was a nickel." The statute provides: "Whoever by force, violence or assault or putting fear, feloniously robs, steals and takes from the person of another, money or other property, which may be the subject of larceny (such robber not being armed with a dangerous weapon) shall be punished," etc. Section 2398 Revised Statutes. If we admit that there is a fatal variance between the allegation and proof as to the currency, there still remains sufficient evidence to prove the offence denounced by this statute, to-wit: the taking and stealing of the other property alleged in the information under the circumstances alleged and proven. It is always sufficient to support a conviction that the proof sustains the substance of the charge. The guilt of plaintiffs in error under this statute does not depend upon proof of each item of property taken as alleged, but is made out by proof that some of the property alleged, of some value, was taken in the manner alleged. We are of opinion that the alleged variance is immaterial, inasmuch as the other articles alleged to have been taken were clearly proven. We have carefully considered the evidence in all its bearings, and are of opinion that it is sufficient to support the verdict.

The judgment of the court below is affirmed.