JAMES SPANISH, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed April 29, 1914.

Under an information charging the robbery from the person of a ten dollar bill, a. five dollar bill, a one dollar bill and a silver dollar, all of the value of seventeen dollars, it is not sufficient to prove merely that "seventeen dollars" was taken, proof should be made of at least one of the alleged items making up the total.

Writ of Error to Criminal Court of Record for Duval County; J. S. Maxwell, Judge.

Judgment reversed.

*A. R. Logan,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews* Assistant, for the State.

COCKRELL, J.—To a conviction of robbery from the person James Spanish takes writ of error.

The information charges that he took from the person of one Raymond Killpatrick, a ten dollar bill, a five dollar bill, a one dollar bill and a silver dollar, all of the value of seventeen dolllars. The proof was only that he took seventeen dollars, but nothing to indicate how this amount was made up.

It is true that as the crime is not graded by the value of the article taken, it is immaterial to prove the value as laid, 2 Bishop's Criminal Procedure, paragraph 1066, but as we said in Broad Williams *et al.* v. State, 42 Fla. 205, text 209, 27 South. Rep. 898, "The guilt of the plaintiffs in error under this statute does not depend upon proof of each item of property taken as alleged, but is made out by proof that some of the property alleged, of some value, was taken in the manner alleged. Instead of proving one material charge of the information as to the property taken, the State proved only the immaterial averment that the sum total of the value of what was taken amounted to seventeen dollars.

So far as the evidence goes this sum may have been made up of half dollars, quarters, dimes, nickels or pennies. The defendant might again have been put to trial for this same offense, the new information charging the property taken to have consisted of these minor coins, and the defendant would have had little difficulty in pleading *autrefois Convict.*

The State had sufficient information upon which to charge specifically the exact denominations of the monies taken. The party from whose person the money was alleged to have been taken was upon the witness stand and asked as to what was taken, but for some unknown reason the State failed to develop from this witness the kind of money that was taken, despite the decision of this court as to the necessity of such proof. The motion

for a new trial directed specific attention to this omission, and the error should have been then and there corrected.

We have gone far in upholding the verdicts of juries, but we cannot overlook so serious a failure of proof. The error is substantial and not merely technical, and the judgment must be reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.