M. Y. STEPHENS, *Plaintiff in Error*, v. STATE OF FLORIDA,
*Defendant in Error.*

## Division A.

## Opinion Filed June 26, 1926.

1. Neither the crime of robbery under Section 5055 of the Rev. Gen. Stats., nor the grade of the offense under that and the succeeding section, depends upon the kind or value of the property taken, so it be property which may be the subject of larceny; the gist of the offense under such section being the felonious taking by the accused, who at the time was armed with a dangerous weapon, of money or other property from the person of another by violence or putting in fear.

2. It is generally held that an indictment for robbery sufficiently describes the property taken if it enables the jury to identify the chattels stolen with those referred to in the indictment and shows the court that the articles are the subject of robbery.

3. Where the information describes the property taken as "one lot of paper bills and silver coins of the value of One Hundred and Sixty-four Dollars and Twenty-six Cents of the money and currency of the United States, a more particular description of said lot of bills and silver coins being to your informant unknown," and the proof shows the taking of One Hundred and Sixty-four Dollars and some odd Cents, in money of the United States of America, of the value of One Hundred and Sixty-four Dollars and some Cents; and where under the facts of the case, this failure to prove that the money taken was in "paper bills and silver coins" did not have any bearing upon the guilt or innocence of the accused, and the question not being raised upon the trial, such failure to completely prove the description of the money as alleged constituted harmless error which would not justify a reversal

of the judgment of conviction, under Section 2812 of Rev. Gen. Stats.

A Writ of Error to the Criminal Court of Record for Duval County; James M. Peeler, Judge.

*Edgar W. Waybright,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BROWN, C. J.—To a judgment of conviction of robbery from the person of O. Z. Tyler, M. Y. Stephens takes this writ of error.

The information describes the property taken as ''one lot of paper bills and silver coins of the value of One Hundred and Sixty-four Dollars and Twenty-six Cents of the money and currency of the United States, a more particular description of said lot of bills and silver coins being to your informant unknown.''

The proof offered to sustain this part of the information described the property taken as ''One Hundred and Sixty-four Dollars and some cents,'' and that it was money of the United States of America of the value of One Hundred and Sixty-four Dollars and some Cents.

The plaintiff in error contends that the evidence did not sufficiently prove that part of the information above referred to. This is the only question argued. It is not contended that the evidence was otherwise insufficient to sustain the verdict. The information charged the crime of robbery as defined by Section 5055 of the Rev. Gen. Stats., which reads in part as follows: ''Whoever assaults another and feloniously robs, steals and takes from his person, money or other property which may be the subject of larceny, such robber being armed with a dangerous weapon,

with intent if resisted to kill or maim the person robbed,''
etc.   The crime does not depend upon the kind or value of
the property taken, the gist of the offense being the feloni-
ous taking by the accused, being at the time armed with a
dangerous weapon, of money or property from the person
of another by violence or putting in fear.   Nor is the
crime graded by the value of the article taken, and hence
it is held to be immaterial to prove the value of same as
alleged.   2 Bishop Grim. Proc. 1066; 34 Cyc. 1798.

It is generally held that an indictment for robbery suffi-
ciently describes the property taken if it enables the jury
to identify the chattels stolen with those referred to in the
indictment, and shows the court that the articles are the
subject of robbery.   34 Cyc. 1804, and cases cited.   While
this is true, there are cases from other states holding that
the description of the property must be proven substan-
tially as alleged in the indictment, which is in line with the
general rule that as to all material averments the pleading
and proof must correspond.  31 C. J. 731, 850-1.   This rule
has been somewhat relaxed in robbery cases, because the
gist of the offense is not affected by the kind or value of
the property taken.

In Williams v. The State, 42 Fla. 205, 27 So. 898, it was
said: ''The guilt of the plaintiff in error under this statute
does not depend upon proof of each item of property taken
as alleged, but it is made out by proof that some of the
property alleged, of some value, was taken in the manner
alleged.''  In that case, the information alleged that the
property obtained by the robbery consisted of several
distinct articles, and it was held that even if there was a
variance in the proof as to one of such articles, such vari-
ance was immaterial.

But in the case of Spanish v. The State, 67 Fla. 414, 65

So. 457, it was held that, ''Under an information charging the robbery of a ten dollar bill, a five dollar bill, a one dollar bill, and a silver dollar, all of the value of Seventeen Dollars, it was not sufficient to prove merely that Seventeen Dollars was taken.''

Section 2812 of the Rev. Gen. Stats. reads as follows: ''No judgment shall be set aside or reversed, or new trial granted by any court of the State of Florida in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This Section shall be liberally construed.''

Applying the principle announced by this statute, which was adopted some fifteen years ago, and which but crystallized into statutory form the ''harmless error'' doctrine which had so frequently been announced by this court, we cannot see how the plaintiff in error has been prejudiced by the failure of the evidence to correspond strictly with the description of the money as alleged in the information. While it is the more approved practice to describe the property as definitely as the circumstances or the evidence before the grand jury reasonably permits, especially in cases where such description has a real bearing upon the guilt or innocence of the accused, yet if the information had merely alleged that the property taken by the robbery consisted of money of the value of a named amount, such allegation would have been legally sufficient, and would have supported a conviction if the evidence had shown the robbery of any particular kind of money of value even though the value was less than the amount alleged. See

authorities above cited; also Edwards v. State, 49 Ala. 334. When, as here, the information went further and alleged, with, in this case, unnecessary particularity that the property taken consisted of "one lot of paper bills and silver coins," failure to prove that particular part of the allegations will be treated as immaterial in a case, like the present one, where the question of guilt, or the proof thereof, does not in any way depend upon the identical description or character of the money taken, the remainder of the description (i. e., money of the United States of the value of One Hundred and Sixty-four Dollars and Twenty-six Cents) being legally sufficient and proof thereof sufficiently made. It is not denied, and the evidence showed without contradiction, that Tyler was robbed of money of the United States of the value of One Hundred and Sixty-four Dollars and some odd Cents. The defense was that the defendant did not participate in such robbery and knew nothing about it. What difference did it make to the defendant whether the money taken was in paper bills and silver coins, or all silver, or all paper? That was not a disputed question at the trial, and the error here complained of had no bearing whatever upon the contested issue in the court below and could not have had any influence upon the verdict. Certainly it cannot be said, in the language of the statute, that an examination of the entire case makes it appear that the error complained of has resulted in a miscarriage of justice. It was the evident purpose of this statute that convictions should not be set aside on account of mere technical errors which did not affect the merits of the case on trial, and which had no legitimate bearing upon the question of the guilt or innocence of the defendant of the crime charged or the amount of punishment imposed therefor.

Judgment of conviction will therefore be affirmed.

ELLIS AND STRUM, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.