PER CURIAM.
A jury found the appellant guilty of two counts of grand larceny. He was adjudged guilty and sentenced to consecutive five year terms in the state penitentiary. On this appeal, he presents six points for reversal. They are as follows: (1) the first and fourth counts of the information were fatally defective and subject to appellant’s *522 motion to dismiss as duplicitous; (2) the first count of the information was fatally defective as vague and indefinite; (3) the court erred in failing to exclude for cause two of the jurors; (4) the identification testimony was tainted by pretrial procedures and was subject to appellant’s motion to strike; (5) the court erred in instructing the jury on lesser included offenses ; (6) the sentence was illegal because the first and fourth counts of the information constituted separate facets of one transaction.
The first point does not present reversible error because of Rule 3.140(k) (5), R.Cr.P., 33 F.S.A., which provides as follows:
“ . . . For an offense which may be committed by the doing of one or more of several acts, or by one or more of several means, or with one or more of several intents or results, it is permissible to allege in the disjunctive or alternative such two or more acts, means, intents or results.”
See also State v. Rand, Fla.App.1970, 231 So.2d 31.
The second point urges that the State was required to allege a more particular description of the money taken than “a sum in excess of ONE HUNDRED ($100.00) DOLLARS good and lawful money of the United States of America.” Appellant’s argument has been rejected by the Supreme Court of Florida. See Stephens v. State, 92 Fla. 43, 109 So. 303 (1926).
Appellant’s third and fourth points simply are not supported by the record. The fifth point has been decided adversely to appellant’s position by this court. See Morrison v. State, Fla.App. 1972, 3rd D.C.A., 259 So.2d 502.
The sixth point urges that because appellant robbed several people consecutively only one robbery was committed. This position is obviously untenable as it neglects the essential nature of the actual criminal acts committed by the appellant. See Hamilton v. State, Fla.1937, 129 Fla.219, 176 So. 89 (1937); Williams v. Mayo, 126 Fla.871, 172 So. 86 (1937).
Affirmed.