UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert D. PHILLIPS, Defendant-
Appellant.

No. 72–3831
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 3, 1973.

John J. Browne, Houston, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Robert G. Darden, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

In his appeal from a judgment of conviction of unlawful transportation in interstate commerce of stolen property in violation of 18 U.S.C.A. § 2314, Phillips asserts error in the denial of his motion for the suppression of evidence and contends that he was denied his constitutional right to a speedy trial. We disagree and affirm.

Phillips first urges that his motion to suppress the stolen firearms, which he admittedly transported in interstate commerce, should have been granted because the supporting affidavit was sworn to before a municipal court judge in Texas, an officer not authorized to administer oaths. This precise question was, however, decided adversely

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

to Phillips by the Texas Court of Criminal Appeals in O'Quinn v. State of Texas, 1970, 462 S.W.2d 583. We, of course, accept the state court's interpretation of its own statute. Garner v. Louisiana, 1961, 368 U.S. 157, 166, 82 S.Ct. 248, 7 L.Ed.2d 207.[1]

Phillips' second contention is that he was denied a speedy trial. He was indicted on June 15, 1970, and was released on bond June 30, 1970. His counsel was court-appointed on July 10, 1970. Pretrial motions for discovery and particulars were filed and were subsequently granted in part on October 26, 1971. Phillips' counsel filed the motion to suppress, to which we have alluded, on October 17, 1972. On October 19, 1972, after a hearing, the motion was denied and Phillips filed a waiver of jury and a written stipulation in which he admitted all of the essential elements of the offense with which he was charged in the indictment, reserving only his objections to the evidence delineated in his motion to suppress. Phillips was found guilty by the court.

Phillips never requested that his case be set for trial. There was no prejudice alleged or shown as the result of delay. Phillips did not testify or introduce any evidence other than the stipulated facts.

■■ Applying the balancing test of Barker v. Wingo, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, that is the "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant," we entertain no doubt that the district court was correct in holding that Phillips was not deprived of his right to a speedy trial.

Affirmed.

[1] We are not dealing here with a rule such as Rule 41(a), F.R.Crim.P. which would have no effect on a state warrant, and the case at bar is thus distinguishable from Navarro v. United States, 5 Cir. 1968, 400 F.2d 315, and United States v. Hanson, 5 Cir. 1972, 469 F.2d 1375, which cases were concerned with a Texas Justice of the Peace Court not being a court of record. Nor does the case at bar involve a situation where federal officers participated in recovery of the evidence under the search warrant.