Jimmy **HALL**, Petitioner-Appellee,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent-Appellant.

No. 73–2208.

United States Court of Appeals, Fifth Circuit.

April 26, 1974.

**38**

Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondent-appellant.

Rudy Hernandez, Jacksonville, Fla. (Court-appointed), for petitioner-appellee.

Before BROWN, Chief Judge, and GODBOLD and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Jimmy Hall was charged in a Florida court with four counts of robbery arising from a hold-up of an A & P grocery store. Trial by jury resulted in a verdict of guilty of the lesser included offense of grand larceny as to two of the counts and acquittal as to the other two. The guilty verdicts were for the theft of money in possession (a) of the store manager, John Schwartz, and (b) of a customer, Mrs. Anthony Sotelo, present in the store at the time. The trial court imposed consecutive sentences of five years on each count.

Hall appealed to the Florida District Court of Appeals, alleging, inter alia, that he had been convicted and sentenced for committing two crimes, whereas he had in fact only committed one, thus the consecutive sentences violated the constitutional proscription against double jeopardy.[1] His conviction was affirmed by that court, Hall v.

State, D.C.A.Fla.1972, 261 So.2d 521, and certiorari was denied by the Florida Supreme Court, Hall v. State, Fla.1972, 265 So.2d 370.

Petitioner then sought habeas corpus relief under Title 28, U.S.C. Sec. 2254, in the court below. Hall reasserted his double jeopardy argument in his pro se petition, and the district court ordered that the writ issue absent the state court's resentencing of the petitioner within a reasonable time for a single offense of grand larceny. The district judge did not base his order upon a constitutional violation. Instead he decided that Hall had been unlawfully sentenced to consecutive sentences for what constituted a single offense under Florida law. The State appealed that order, and counsel was appointed to represent the petitioner.

The State's appeal argues that the district court had no power to grant relief except upon a finding that a right guaranteed to Hall under the United States Constitution was violated by the consecutive sentences imposed. Relief was in fact predicated upon the district court's own interpretation of Florida law, contrary to that State's interpretation of its own laws. We reverse.

The district court relied upon Ladner v. United States, 1958, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199. There it was held that habeas relief was available to a petitioner arguing that he had been sentenced for multiple offenses, but had only committed one. The issue in *Ladner* was not constitutional. Instead the decision dealt with conviction under a federal statute covering assault upon federal officers, raised by a Sec. 2255 post-conviction motion. Title 28, U.S.C., Sec. 2255, provides a post-conviction remedy for persons in custody, under a conviction by a court of the United States. By its express provision a prisoner may claim release on the ground that his sentence "was in excess of the maximum authorized by law, or is otherwise subject to collateral attack". The

---

1. "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S.Const. Amend. V.

petitioner in *Ladner* could therefore raise the issue of the construction of the federal statute under which he was sentenced by his motion to set aside under Sec. 2255. State prisoners proceed in federal courts under Title 28, U.S.C., Sec. 2254, which contains no such provision. 2254(a) permits attack in a federal court "[by] a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

 Counsel for petitioner implicitly recognizes this distinction, by conceding on brief that the district court which ordered the resentencing of his client was in error to the extent that it failed to find that petitioner's constitutional right against double jeopardy had been violated. Thus the predicate for relief advanced by petitioner's counsel is not Ladner v. United States, supra, relied on by the district court, but cases construing the double jeopardy clause of the United States Constitution.[2] From there, reliance is placed upon the "single larceny doctrine", which basically holds that the taking of several things at the same time and from the same place constitutes but a single crime of larceny. This was also the rationale employed by the district court below when it held that the Florida appellate court misconstrued Florida law by failing to follow that state's adoption of the single larceny doctrine in Hearn v. State, Fla.1951, 55 So.2d 559. But the very premise of that argument demonstrates the fundamental error of the district court, as well as the flow in petitioner's position on appeal. The adoption of the single larcency doctrine is strictly a matter of state law. The doctrine has not received universal acceptance by the states which have considered it. See Annot., 37 A.L. R.3d 1407, 1410.

 Equally, the application of that doctrine, or the refusal to apply it to a given set of facts is a matter to be resolved by state courts, in this instance by Florida courts. It does not involve a federal constitutional question. Both the Florida court of appeal and the Supreme Court of Florida, by its denial of certiorari, found the facts in Hall's case to be outside the doctrine as declared by Florida courts. There the matter ends. Determination of state law by courts of that state is binding upon federal courts, and consequently the district court below was bound by Florida's interpretation of Florida law. See, e. g., United States v. Phillips, 5 Cir. 1973, 477 F.2d 913; Franey v. State, 5 Cir. 1954, 211 F.2d 447; Davis v. Wainwright, M.D.Fla.1971, 342 F.Supp. 39, aff'd without opinion, 5 Cir. 1971, 469 F.2d 1405. It was error to hold otherwise. The order appealed from is

Reversed.

---

2. The district court disposed of Hall's double jeopardy claim in his pro se petition by distinguishing his consecutive sentence situation from cases in which the double jeopardy clause has been held to be a bar to successive prosecution, typified by the leading case of Ashe v. Swenson, 1970, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. However, there is ground to believe that the Supreme Court has intimated that a claim of multiple punishment for a single offense may be equally violative of double jeopardy. See Comment, Twice in Jeopardy, 75 Yale L.J. 262, 266 n. 13 (1965) and cases cited therein.