Kelly Gene BANNER,
Petitioner–Appellee,

v.

Herman C. DAVIS, Warden,
Respondent–Appellant.

No. 88–5622.

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 6, 1989.

Decided Sept. 21, 1989.

Kelly Gene Banner, Wartburg, Tenn., pro se.

Anthony Philip Lomonaco, Vaughan & Zuker, Knoxville, Tenn., for petitioner-appellee.

Charles W. Burson, Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Office of the Atty. Gen. of Tennessee, Nashville, Tenn., for respondent-appellant.

Before ENGEL, Chief Judge and MERRITT and NELSON, Circuit Judges.

ENGEL, Chief Judge.

Respondent-appellant Herman C. Davis, Warden, appeals a judgment of the United States District Court for the Eastern District of Tennessee, granting a writ of habeas corpus to Petitioner-appellant Kelly Gene Banner on the grounds that Banner's convictions for aggravated assault (Tenn. Code § 39–2–101) and shooting a missile calculated to produce bodily harm (Tenn. Code § 39–2–115), accompanied by an en-

hanced sentence under Tenn.Code § 39–6–1710,[1] violate the double jeopardy clause of the fifth amendment. After considering double jeopardy principles, this court's decision in *Pryor v. Rose*, 724 F.2d 525 (6th Cir.1984) (en banc), and the scope of the Tennessee enhancement statute, we affirm in part, reverse in part, and remand for issuance of the writ as to Banner's claim that the state of Tennessee improperly enhanced his sentence.

I.

On the morning of July 2, 1984, Ronnie Miller arrived at a house which he was building in Carter County, Tennessee. As he walked onto the porch, he discovered that someone had shot out a portion of the patio door. After checking the damage, he began to work inside the house. A few minutes later, petitioner Banner drove by in a yellow Mustang and fired a shotgun at the house; Miller was not injured.

On August 17, 1984 a Carter County, Tennessee grand jury returned a nine-count indictment against Banner, charging him with: (1) aggravated assault, in violation of Tenn.Code § 39–2–101; (2) use of a firearm while committing the felony of aggravated assault, in violation of Tenn.Code § 39–6–1710; (3) shooting into an occupied dwelling, in violation of Tenn.Code § 39–2–115; (4) use of a firearm while committing the felony of shooting into an occupied dwelling, in violation of Tenn.Code § 39–6–1710; and five additional counts charging various offenses including driving while intoxicated, driving with a revoked license, and violating Tennessee's habitual criminal statute. After the five additional counts were dropped, Banner was tried before a Carter County Criminal Court jury on November 29, 1984 and convicted on the first four counts.

On January 2, 1985, the court sentenced Banner to six years for aggravated assault (Count No. 1), enhanced by five years un-

---

1. Tenn.Code § 39–6–1710(a)(1) provides:
Any person who employs any firearm or any explosive device while committing or escaping from a felony is guilty of a felony, and on conviction of the first offense shall be punished by imprisonment in the penitentiary for five (5) years and on conviction of a second offense shall be punished by imprisonment in the penitentiary ten (10) years.

der Tenn.Code § 39–6–1710 for having used a firearm in committing aggravated assault (Count No. 2), and three years for shooting into an occupied dwelling (Count No. 3), enhanced by ten years under Tenn. Code § 39–6–1710, for having used a firearm in shooting into an occupied dwelling (Count No. 4). All sentences were ordered to be served consecutively.

On February 6, 1986, the Tennessee Court of Criminal Appeals reversed and dismissed Count 2 (enhanced punishment for use of a firearm during an aggravated assault) but otherwise affirmed the trial court judgment and sentence. On August 3, 1987 the Supreme Court of Tennessee affirmed the judgment of the Court of Criminal Appeals, and on January 19, 1988 the Supreme Court of the United States denied a petition for a writ of certiorari.

On February 1, 1988, Banner petitioned the United States District Court for the Eastern District of Tennessee for a writ of habeas corpus, alleging two grounds for relief: (1) his multiple convictions violated the double jeopardy clause of the fifth amendment and (2) the Tennessee courts erroneously permitted enhanced punishment for use of a firearm in shooting a missile into an occupied dwelling (Count No. 4), after striking the enhanced punishment imposed for use of a firearm in committing aggravated assault (Count No. 2).

By report and recommendation dated April 6, 1988, the United States Magistrate recommended that the petition be granted in part. First, citing Judge Daughtrey's dissenting opinion for the Tennessee Court of Criminal Appeals, the magistrate held that under the facts of the case, aggravated assault was a lesser included offense of shooting into a dwelling house and that Banner's conviction for aggravated assault (Count No. 1) should therefore be vacated. Second, citing *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the magistrate found no constitutional error in the Tennessee Supreme Court's judgment that, under Tenn.Code § 39–6–1710, the Tennessee legislature intended enhancement for use of a firearm to apply only to the firing the missile convic-

tion and not to the aggravated assault conviction. However, because Tenn.Code § 39–6–1710(a)(1) allows a five-year enhancement for conviction of a first offense and ten years for conviction of a second offense, and because the magistrate had recommended that Banner's first conviction (aggravated assault) be vacated, the magistrate likewise recommended that the ten-year enhancement imposed for firing a missile into an occupied dwelling be modified to five years.

On April 15, 1988, Respondent Davis filed objections to the magistrate's report. By order dated May 5, 1988, the United States District Court for the Eastern District of Tennessee adopted the magistrate's report and granted the writ of habeas corpus on the grounds that Banner's aggravated assault conviction was constitutionally infirm and that his ten-year enhancement for firing a missile should be reduced to five years. Davis appeals.

## II.

■ Banner alleges that conviction of both aggravated assault and firing a missile into an occupied dwelling violates the double jeopardy clause, as imposing multiple punishments for one criminal episode. The double jeopardy clause of the fifth amendment of the United States Constitution provides, "No person ... shall ... be subject for the same offense to be twice put in jeopardy of life or limb...." This clause affords a criminal defendant three basic protections:

> " '[I]t protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " *Brown v. Ohio,* 432 U.S. 161, 165 [97 S.Ct. 2221, 2225, 53 L.Ed.2d 187] (1977), *quoting North Carolina v. Pearce,* 395 U.S. 711, 717 [89 S.Ct. 2072, 2076, 23 L.Ed.2d 656] (1969).

*Ohio v. Johnson,* 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1983). Whether punishments are "multiple" under the double jeopardy clause is essentially a

question of legislative intent. *Id.* at 499, 104 S.Ct. at 2540; *Missouri v. Hunter,* 459 U.S. 359, 366–68, 103 S.Ct. 673, 678–79, 74 L.Ed.2d 535 (1983).

■ When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes. *See Missouri v. Hunter,* 459 U.S. at 368, 103 S.Ct. at 679; *O'Brien v. Skinner,* 414 U.S. 524, 531, 94 S.Ct. 740, 744, 38 L.Ed.2d 702 (1974). Under the double jeopardy clause, when evaluating whether a state legislature intended to prescribe cumulative punishments for a single criminal incident, a federal court is bound by a state court's determination of the legislature's intent. *See Ohio v. Johnson,* 467 U.S. at 499, 104 S.Ct. at 2541 ("We accept, as we must, the Ohio Supreme Court's determination that the Ohio legislature did not intend cumulative punishment for the two pairs of crimes involved here."); *Missouri v. Hunter,* 459 U.S. at 368, 103 S.Ct. at 679 ("In addition, the Missouri Supreme Court has recognized that the legislature intended that punishment for violations of the statutes be cumulative. We are bound to accept the Missouri court's construction of that State's statutes."); *Brown v. Ohio,* 432 U.S. 161, 167, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977) (Ohio Court of Appeals had "final authority to interpret that state's legislation."). As we observed in *Smith v. Sowders,* 848 F.2d 735, 739 (6th Cir.1988), "The only significance of the 'same transaction' inquiry of the Kentucky Court of Appeals was to determine whether state law required the thefts to be treated as a single offense. That court's determination ended the inquiry. State courts interpret state criminal statutes, and their interpretations are binding on federal courts." *See also Hall v. Wainwright,* 493 F.2d 37, 41 (5th Cir.1974).

Thus, for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination. *See Smith v. Sowders, supra* (Kentucky Court of Appeals determination binding); *Hall v. Wainwright, supra.*

■ Here, the Tennessee Supreme Court affirmed the Tennessee Court of Criminal Appeals' holding that the legislature intended cumulative punishment for aggravated assault and firing into an occupied dwelling. We are therefore bound by that holding. However much the magistrate and district court may have agreed with Judge Daughtrey's dissent for the Tennessee Court of Criminal Appeals, the district court was obligated to honor the construction of the majority of judges on this question of Tennessee law. Barring some other constitutional impediment, the majority view of that court, undisturbed by the Supreme Court of Tennessee, must be accepted as the law of Tennessee and the state law of this case.

### III.

Banner has argued that *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), provides a basis for habeas relief on his double jeopardy claim. Under *Blockburger,* "The test to be applied to determine whether there are two offenses or only one [and thus whether multiple punishments are permissible under the double jeopardy clause of the fifth amendment], is whether each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. at 182.

The *Blockburger* test, however, is simply a rule of statutory construction. *See Albernaz v. United States,* 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981); *Missouri v. Hunter,* 459 U.S. 359, 367, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983); *Whalen v. United States,* 445 U.S. 684, 691, 100 S.Ct. 1432, 1437, 63 L.Ed.2d 715 (1980); *Beam v. Foltz,* 832 F.2d 1401, 1411 (6th Cir.1987). It does not necessarily apply to a federal court's construction of a state statute. As the Court noted in *Ohio v. Johnson,* 467 U.S. at 493, n. 8, 104 S.Ct. at 2541, n. 8:

It should be evident from our decision in *Missouri v. Hunter,* however, the *Blockburger* test does not necessarily control the inquiry into the intent of a state legislature. Even if the crimes are the same under *Blockburger,* if it is evident

that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end.

Thus, at first blush, the *Blockburger* test appears inapplicable to the construction of Tennessee state law here, and, as noted above, we would be bound to accept the Tennessee Supreme Court's judgment that the Tennessee legislature has authorized multiple punishment, and thus we would be required to affirm Banner's convictions for aggravated assault and firing a missile into an occupied dwelling.

Nevertheless, our *en banc* decision in *Pryor v. Rose*, 724 F.2d 525 (6th Cir.1984) (en banc) appears to present an analytical obstacle. In *Pryor*, a habeas case involving the question of multiple punishments, our en banc court independently interpreted the scope of Tennessee criminal statutes for purposes of double jeopardy analysis. While indicating that the views of the Tennessee Supreme Court on the double jeopardy issue were entitled to consideration, *id.* at 530, relying upon *Whalen v. United States*, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980) and its application of *Blockburger*, we held that multiple punishment was forbidden under the double jeopardy clause. In evaluating Pryor's claim and holding that the Tennessee legislature did not intend cumulative punishments, we stated: "We therefore hold that the Tennessee legislature *has not clearly indicated that consecutive sentences are proper* in the situation presented by this case." 724 F.2d at 531 (emphasis supplied). Analysis in prior Tennessee cases, we held, was "wholly unacceptable under *Whalen,* which requires that the legislature 'clearly indicate' that consecutive sentences are permissible for offenses which are the same under the *Blockburger* test." *Id.*

Thus, in evaluating Banner's claim in light of *Blockburger*, there is a tension between: (1) adherence to the multiple punishment determination made by the Tennessee Court of Criminal Appeals and Tennessee Supreme Court and (2) application of the *Blockburger* test (which is used as a gauge for determining legislative intent) as it was interpreted in *Whalen* and applied in *Pryor*. This ambiguity is underlined by

the Supreme Court's statement in *Ohio v. Johnson* that "The *Blockburger* test *does not necessarily control* the inquiry into the intent of a state legislature." 467 U.S. at 493 n. 8, 104 S.Ct. at 2541 n. 8 (emphasis supplied). To resolve this tension, we must determine whether a state court judgment must establish that the state legislature *clearly intended* cumulative punishment before a federal court is bound by that determination for purposes of double jeopardy analysis, as is apparently indicated by *Pryor.*

IV.

Initially, we note that *Whalen,* which construed *Blockburger* to require a "clear indication of ... legislative intent" to impose cumulative punishments, involved an evaluation of *congressional* intent:

> The clause refers, of course, to a rule of statutory construction stated by this Court in *Blockburger v. United States*, 284 U.S. 299 [52 S.Ct. 180], and consistently relied on ever since to determine whether Congress has in a given situation provided that two statutory offenses may be punished cumulatively. [footnote omitted]. The assumption underlying the rule is that *Congress* ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the "same offense," they were construed not to authorize cumulative punishments in the absence of a *clear indication of contrary legislative intent.* [emphasis supplied].

445 U.S. at 691–92, 100 S.Ct. at 1437–38. *Blockburger,* then, at least as interpreted in *Whalen,* is inapplicable here because it is a rule of statutory construction which guides federal courts in determining the scope of *federal* statutes. It is a rule of statutory construction which enables a federal court to determine *congressional* intent regarding cumulative punishments.

By requiring a clearly expressed legislative intent concerning cumulative punishment in *Pryor v. Rose,* we appear to have incorporated the *Blockburger* test into the

law of habeas corpus, where it is at least arguable that the determination of the state law issue should have been left to state courts. *See, supra.* Nevertheless, *Pryor* is binding Sixth Circuit precedent.

Our problem in *Pryor,* however, was the highly uncertain procedural history of the interpretation of the state statute under consideration there. Neither the *en banc* decision nor the panel decision in *Pryor* indicates how the Tennessee courts below had interpreted the Tennessee statutes for purposes of double jeopardy analysis, *see* 724 F.2d at 528, the procedural history of that case being hazy indeed. In *Pryor,* therefore, our court focused upon unrelated Tennessee cases in order to discern the Tennessee legislature's intent, arguably for want of a better source; we did not, and perhaps were unable to, indicate how the Tennessee Court of Criminal Appeals or Tennessee Supreme Court had dealt with the issue below.[2] Thus, *Pryor's* scope appears limited to a narrow situation in which the state courts below had failed to give a clear expression on the issue of cumulative punishment. This has not occurred here, where the Tennessee courts have carefully considered and analyzed the scope of the Tennessee statutes.

We have not been alone in our uncertainty over *Blockburger.* The Supreme Court itself discussed the *Blockburger* test in one case involving the intent of a state legislature, *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In doing so, the Court stated, "Applying the *Blockburger* test we agree with the Ohio Court of Appeals that joy riding and auto theft, as defined by that court, constitute the same statutory offense within the meaning of the Double Jeopardy Clause." *Id.* at 168, 97 S.Ct. at 2226. Nevertheless, in that context, it merely appears that the Supreme Court agreed with the conclusion of the Ohio Court of Appeals and did not independently determine that *Blockburger*

applied. Moreover, *Brown v. Ohio* dealt with the double jeopardy issue of a lesser included offense, not the issue of cumulative punishments which the court addresses here.

Contrary to Banner's assertion, then, we may not use the *Blockburger* test—a rule of statutory construction for federal statutes—to independently evaluate the scope of the Tennessee statutes here, the Tennessee Court of Criminal Appeals and Supreme Court having already held that the legislature intended cumulative punishments. Accordingly, Banner has not been assessed cumulative punishments in violation of the double jeopardy clause.

## V.

■ We are thus presented with the question of the scope of enhancement allowed under Tenn.Code § 39–6–1710. By vacating the § 39–6–1710 enhancement for Banner's aggravated assault conviction, the Tennessee Court of Criminal Appeals held as a matter of Tennessee law that Banner's aggravated assault conviction was not a felony for which statutory enhancement was permitted under § 39–6–1710. Thus, Banner could only have been assessed one enhancement, because he has committed only one enhanceable felony within the meaning § 39–6–1710, *viz,* firing a missile into the house. Accordingly, his sentence for missile firing could only have been enhanced five years, as enhancement for a single conviction under § 39–6–1710.

A ten-year enhancement thus violated the due process clause of the fourteenth amendment, because the State failed to prove an essential element of a ten-year enhancement: two enhanceable felonies within the meaning of § 39–6–1710. *See In Re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970) (due process clause protects the accused against

**2.** Yet, if the Tennessee Supreme Court or Criminal Court of Appeals had failed to make a determination on that issue, arguably the *en banc* court never should have reached the double jeopardy issue, for without such a determination by the Tennessee Supreme Court, Pryor would not have exhausted his state remedies for purposes of federal habeas corpus. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime for which he is charged). Accordingly, the district court properly issued the writ insofar as it requires vacation of the ten-year enhancement and allows enhancement not to exceed five years.

Based upon the foregoing analysis, we therefore reverse that part of the district court judgment granting relief on the ground that Banner's aggravated assault and missile firing convictions violated the double jeopardy clause; we recognize this multiple punishment—three years for firing into an occupied dwelling and six years for aggravated assault—as a valid exercise of Tennessee's penal authority. However, we affirm the district court's determination that, under the due process clause, an enhancement of only five years—not ten years—was permissible for the missile firing conviction.

Accordingly the judgment of the district court is AFFIRMED in part, REVERSED in part and REMANDED for issuance of the writ in accordance with this opinion.