**Arthur RODGERS, Petitioner–Appellant,**

v.

**Barbara BOCK, Warden, Respondent–Appellee.**

No. 02–1466.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and KATZ, District Judge.*

*ORDER*

Arthur Rodgers appeals a district court judgment that denied his petition for a

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 2000, Rodgers pled guilty to possession of a firearm by a convicted felon, possession of a firearm during the commission of a felony, and to being a fourth habitual offender. Rodgers was sentenced to consecutive terms of imprisonment of 2–10 years and 2 years. The Michigan Court of Appeals denied a delayed application for leave to appeal, and the Michigan Supreme Court denied leave to appeal.

Next, Rodgers filed his federal habeas petition in the district court asserting the same claim he asserted in the state appellate courts: that his convictions for both possession of a firearm by a convicted felon and possession of a firearm during the commission of a felony violate double jeopardy. After the state filed an answer in opposition to the petition, the magistrate judge recommended that the petition be denied as without merit. Over Rodgers's objections, the district court adopted the magistrate judge's recommendation and denied the petition. Rodgers filed a timely notice of appeal, and the district court granted Rodgers a certificate of appealability with respect to his double jeopardy claim. On appeal, Rodgers reiterates his double jeopardy claim. The state responds that Rodgers asserts only an error of state law and that his claim otherwise is not cognizable in habeas corpus.

Upon de novo review, *see Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir.1994); *Carter v. Sowders,* 5 F.3d 975, 978 (6th Cir.1993), we will affirm the judgment essentially for the reasons stated in the mag-

istrate judge's report and recommendation dated February 27, 2002, adopted by the district court in its order filed March 27, 2002. Whether punishments imposed are constitutional is essentially a question of legislative intent, and a state court's determination that a state legislature intended multiple punishments is binding in habeas corpus. *See Banner v. Davis,* 886 F.2d 777, 780 (6th Cir.1989). Here, the Michigan courts have held that convictions for both being a felon in possession of a firearm and possessing a firearm during the commission of a felony do not violate double jeopardy. *People v. Dillard,* 246 Mich. App. 163, 631 N.W.2d 755, 757–60 (Mich. Ct.App.2001). Because this determination is binding in federal habeas corpus, Rodgers's double jeopardy claim lacks merit.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.