RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0402p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
—————————————

THOMAS WHITE,

*Petitioner-Appellee,*

v.

No. 08-1458

CAROL R. HOWES,

*Respondent-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 06-10707—Marianne O. Battani, District Judge.

Submitted: June 19, 2009

Decided and Filed: November 20, 2009

Before: McKEAGUE and WHITE, Circuit Judges; MARBLEY, District Judge.[*]

—————————————

## COUNSEL

—————————————

**ON BRIEF:** Brad H. Beaver, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellant. C. Mark Pickrell, WALLER LANSDEN DORTCH & DAVIS, LLP, Nashville, Tennessee, for Appellee.

—————————————

## OPINION

—————————————

WHITE, Circuit Judge. Respondent Carol Howes, Warden of the correctional facility at which Petitioner Thomas White is serving Michigan state court sentences, appeals from the district court's order granting habeas relief. We reverse.

—————————————

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

**I**

This court reviews de novo a district court's decision to grant a writ of habeas corpus, as well as the court's legal conclusions.  *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005); *Armstrong v. Morgan*, 372 F.3d 778, 781 (6th Cir. 2004).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus unless it finds that the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law. . ." or (2) "was based on an unreasonable determination of the facts. . . ."  *Armstrong*, 372 F.3d at 781, quoting 28 U.S.C. § 2254(d)(1).  Only the first clause is at issue here.

**II**

The district court's Opinion and Order granting in part Petitioner's Petition for Writ of Habeas Corpus sets forth the underlying facts and procedural history:

> * * * Petitioner was convicted of (1) felon-in-possession of a firearm, MICH. COMP. LAWS § 750.224F, (2) carrying a concealed weapon ("CCW"), MICH. COMP. LAWS § 750.227, and (3) possession of a firearm during the commission of a felony-second offense, MICH. COMP. LAWS § 750.227B, in the Oakland County, Michigan, Circuit Court.  On February 15, 2005, Petitioner pleaded guilty to the above-stated charges, in addition to the charge of driving while license suspended.  Petitioner also pleaded guilty to being a habitual offender–fourth offense.
>
> * * *
>
> In his pleadings, Petitioner challenges his convictions for both felon-in-possession of a firearm and felony-firearm. . . .
>
> II.  **Statement of Facts**
>
> Petitioner's convictions arise from a traffic stop in the city of Troy, Michigan.  After stopping Petitioner for speeding, the police officers conducted a LEIN check, which showed that Petitioner's driver's license was suspended.  Petitioner was placed under arrest for driving

with a suspended license. The police then searched Petitioner's car and found a loaded shotgun and a loaded handgun in the trunk.

\* \* \*

On March 2, 2005, the trial judge sentenced Petitioner to the five years on the felony-firearm-second offense, to run consecutive to the convictions of felon-in-possession, CCW, and driving while license suspended. The trial court then imposed a fourteen-months-to-twenty year term of imprisonment on the felon-in-possession and carrying a concealed weapon convictions, with ninety-five (95) days credit as time served for the remaining conviction. The felon-in-possession, CCW, and driving-while-license-suspended sentences were to run concurrent to each other and consecutive to the felony-firearm-second-count sentence.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting the following:

> I.      [Petitioner's] sentence for carrying a concealed weapon cannot be consecutive to the sentence for felony-firearm.

> II.      [Petitioner's] convictions of both felon-in-possession of a firearm and felony-firearm violate double jeopardy.

On August 29, 2005, the Michigan Court of Appeals agreed with Petitioner's first claim, and remanded the case for a correction of Petitioner's sentences, but denied the application for leave to appeal in all other respects. . . . *People v. Thomas Clifford White,* No. 263988 (Mich. Ct. App. Aug. 29, 2005).

Subsequently, Petitioner filed an application for leave to appeal to the Michigan Supreme Court, raising claim II from the Michigan Court of Appeals' direct appeal, and adding an additional claim regarding the ineffective assistance of counsel[.]

\* \* \*

The Michigan Supreme Court denied the application because "we are not persuaded that the questions presented should be reviewed by this Court."

*People v. Thomas Clifford White*, 474 Mich. 1020, 708 N.W.2d 386 (2006) (Cavanagh and Kelly, JJ., would grant leave to appeal).  Petitioner has not filed a motion for relief from judgment under M.C.R. 6.500 *et. seq.* [sic]

Petitioner filed the present habeas petition, on February 17, 2006, raising the same claims as raised in the Michigan Supreme Court.  (Docket # 1.) . . . .

**A**

The district court analyzed the Double Jeopardy issue as follows:
b) *Multiple Punishments for an Offense*

The doctrine regarding the Double Jeopardy Clause draws a crucial distinction between multiple punishments for the same *conduct* (permissible) and multiple punishments for the same *offense* (impermissible).  While the issue can be confusing, it is clear to this Court that a conviction under both the felon in possession statute and the felony firearm statute constitutes multiple punishment for the same offense, and is therefore in violation of the Double Jeopardy Clause.

It is well established that the Double Jeopardy Clause does not prohibit a state from defining conduct to constitute two separate criminal offenses.  *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983) (finding that when "a legislature specifically authorizes cumulative punishments under two statutes, . . . a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishments under such statutes in a single trial").  . . .

In the case at hand, the Michigan Supreme Court, applying the *expressio unis est exclusio alterius* [sic] canon of construction to the language of the statute, has concluded that "the Legislature's intent in drafting the felony-firearm statute was to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute." *People v. Mitchell*, 575 N.W.2d 283, 285 (1998).  . . . However, a focus on legislative intent is misguided, as this case does not involve multiple convictions arising out of the same "conduct," *Hunter*, 459 U.S. at 368, but

instead involves multiple punishments on a single offense.

The felon in possession statute states, in pertinent part, that:

> "(1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state [unless certain circumstances are met]."    MICH. COMP. LAWS § 750.224f.

The felony-firearm statute states, in pertinent part, that:

> "A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223 [unlawful sale of a firearm], section 227 [carrying a concealed weapon], 227a [unlawful possession by licensee] or 230 [alteration of identifying marks on a weapon], is guilty of a felony."   MICH. COMP. LAWS § 750.227b(1).

Under § 750.224f, Petitioner was found guilty because (1) he was a felon (2) in possession of a firearm. Under § 750.227b, Petitioner was found guilty because he was (1) a person in possession of a firearm (2) while committing a felony (the felony being the same § 750.224f).    After substituting the elements of § 750.224f, we find that Petitioner was convicted under § 750.227b for being (1) a person in possession of a firearm (2) while he was a felon (3) in possession of a firearm.  Considering that (3) is redundant, this is exactly the *same* charge as § 750.224f.  Therefore, anyone convicted of "felon in possession" is *always* guilty of felony-firearm.  This is double punishment at its most basic, as it constitutes multiple punishments for the same offense. *Pearce*, 395 U.S. at 717; *Ohio v. Johnson*, 467 U.S. 493, 500 (1984) (holding that the double jeopardy clause protects against "cumulative punishments for convictions on the same offense").

Federal court rulings upholding multiple convictions have involved convictions for felony

predicate crimes (such as felony murder) and their underlying felonies. *See Hunter*, (finding that double jeopardy does not prohibit a conviction of Missouri's "felony with a deadly weapon" statute and the underlying felony of armed robbery); *Brimmage v. Summer*, 793 F.2d 1014, 1015 (9th Cir. 1986) (finding that double jeopardy does not prohibit a conviction of both felony murder and the underlying felony or robbery). . . . The case at hand, however, does not involve multiple crimes arising out of a single act, but rather a double prosecution of the same offense. That is, the conviction of felon in possession and felony firearm is not the logical equivalent of a conviction of robbery and felony murder–it is the logical equivalent of a conviction of *murder* and *felony murder*. Such a conviction would be entirely circular and would constitute convicting the defendant of the same crime twice in violation of the Double Jeopardy Clause. *See United States v. Wilson*, 420 U.S. 332, 339 (1975) (holding that the underlying premise of double jeopardy was "that a defendant should not be twice tried or punished for the same offense"). The facts in the case at hand are distinguishable from the *Hunter*/*Whalen* line of cases, as this case involves multiple punishment of the same offense, rather than the same conduct.

**B**

The issue is clearly drawn. The district court acknowledged the Supreme Court's holding in *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983), that where "a legislature specifically authorizes cumulative punishment under two statutes, . . . a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishments under such statutes in a single trial." The *Hunter* Court further stated:

> With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.
> * * *

> [] simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger*[1] test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. . . .

[*Hunter*, 459 U.S. at 365-66, 368.] The district court also accurately observed that the Michigan Supreme Court's decision in *People v. Mitchell*, 575 N.W.2d 283 (1998), is a clear determination by that court that the Michigan Legislature intended to include felon-in-possession as a predicate felony for purposes of the felony-firearm statute.[2] The district court further recognized that the Michigan Supreme Court's determination in *Mitchell* is binding on a federal habeas court. *See Banner v. Davis*, 886 F.2d 777, 780 (noting that "once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination").

The district court continued its inquiry beyond this point, concluding that because the two statutes do not simply punish the same conduct, but the same exact offense, a "focus on legislative intent is misguided," and the Michigan court's denial of relief constituted an unreasonable application of federal law. In support of the district court's conclusion, White argues that this court must reconcile two different lines of Supreme Court cases – the *Blockburger/Pearce*[3] line of cases that recognize that a person may not receive multiple punishments for the same offense, and the *Whalen/Hunter*[4] line of cases that appear "on the surface to limit *Blockburger* and *Pearce* by transmogrifying the *Blockburger* test into a rule of mere statutory construction." [Appellee Br. p. 9.] White

---

[1] *Blockburger v. United States*, 284 U.S. 299 (1932). Under *Blockburger,* "The test to be applied to determine whether there are two offenses or only one [and thus whether multiple punishments are permissible under the double jeopardy clause of the fifth amendment], is whether each provision requires proof of a fact which the other does not." *Id.* at 304.

[2] *Mitchell* addressed the double jeopardy issue in the context of dual convictions of receiving or concealing a stolen firearm or ammunition and felony-firearm. The court's analysis focused on what it determined to be a clear statement of legislature intent to except only the four enumerated felonies from serving as predicate felonies for the felony-firearm charge. The court's decision in *Mitchell* squarely addresses the controlling issue of legislative intent here. The Michigan Court of Appeals found *Mitchell* controlling with respect to the convictions at issue here in *People v. Dillard*, 631 N.W.2d 755 (2001).

[3] *Blockburger v. United States*, 284 U.S. 299 (1932), and *North Carolina v. Pearce*, 395 U.S. 711 (1969).

[4] *Whalen v. United States*, 445 U.S. 684 (1980), and *Missouri v. Hunter*, 459 U.S. 359 (1983).

argues that "the Supreme Court's decisional language in *Whalen* and *Hunter* is [in]applicable in a situation in which two separate statutes, with separate penalties, each define the same criminal offense." [Appellee Br. p. 10.]

The question then is whether the Michigan Legislature can constitutionally provide that a felon who possesses a firearm shall be convicted of and punished for violating two criminal statutes: felon in possession of a firearm, and possession of a firearm while being a felon in possession of a firearm. We have no quarrel with the district court's determination that this case presents a rather unusual circumstance in that the two offenses are really the same offense (one cannot commit felon in possession of a firearm without simultaneously violating the felony-firearm statute), but the highest state court has found a legislative intent to punish under both statutes.[5] Nevertheless, White has cited no cases, and we have found none,[6] where a state legislature was found to have violated the double jeopardy bar against multiple punishment by imposing multiple punishment for the same offense.[7]

---

[5]Most similar situations end with a judicial determination that the legislature did not intend to authorize multiple punishment. For example, in *Ball v. United States*, 470 U.S. 856 (1985), the Supreme Court determined that Congress did not intend that a felon possessing a firearm be convicted under 18 U.S.C. § 922(h)(1), for receiving that firearm, and also under 18 U.S.C. § 1202(a)(1) for possessing the same weapon. Similarly, in *Whalen*, 445 U.S. 684 (1980), the Supreme Court held that Congress did not intend to authorize multiple punishments for killing in the course of a rape and rape.

[6]The cases cited by the district court do not address the issue either. *See North Carolina v. Pearce*, 395 U.S. 711, 723 (1969) (holding that neither the Double Jeopardy Clause nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction, thus affirming defendant's higher sentence on being reconvicted, after he had been tried and convicted, appealed, and won a new trial); *Ohio v. Johnson*, 467 U.S. 493, 499, 500-502 (1984) (where multiple charges were brought in a single indictment, holding that permitting the State to pursue the greater charges of murder and aggravated robbery, even after defendant pleaded guilty to the lesser charges of manslaughter and theft, did not implicate the Double Jeopardy Clause, and noting "[b]ecause the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent," citing *Missouri v. Hunter*); *Schiro v. Farley*, 510 U.S. 222, 229-30 (1994) (holding that an initial sentencing proceeding is not a successive prosecution and does not violate the Double Jeopardy Clause where defendant argued he could not be sentenced to death based on the intentional murder aggravating circumstance, because the sentencing proceeding amounted to a successive prosecution for intentional murder); and *United States v. Wilson*, 420 U.S. 332 (1975) (discussing "the policies underlying the [Double Jeopardy] Clause in order to determine more precisely the boundaries of the Government's appeal rights in criminal cases" and holding that the Clause does not bar a government appeal from a ruling in the defendant's favor after a guilty verdict).

[7]Relying on *Banner*, this court has previously determined, in a Rule 34 case decided by unpublished opinion without argument, that a defendant's convictions of felon in possession of a firearm and felony-firearm did not violate the prohibition against double jeopardy. *Rodgers v. Bock*, 49 F. App'x 596 (2002).

In *Banner*, 886 F.2d at 780-81, this court addressed the question whether the Tennessee offenses of aggravated assault, in violation of Tenn. Code § 39-2-101, and shooting into an occupied dwelling, in violation of Tenn. Code § 39-2-115, are the same offense for double jeopardy purposes.  Like the district court in the instant case, we recognized that:

> Whether punishments are multiple under the double jeopardy clause is essentially a question of legislative intent.  *Id.* [*Ohio v Johnson,* 467 U.S. 493] at 499, 104 S. Ct. at 2540; *Missouri v. Hunter,* 459 U.S. 359, 366-68, 103 S. Ct. 673, 678-79, 74 L. Ed. 2d 535 (1983).

> When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes.  *See Missouri v. Hunter,* 459 U.S. at 368, 103 S. Ct. at 679; *O'Brien v. Skinner,* 414 U.S. 524, 531, 94 S. Ct. 740, 744, 38 L. Ed. 2d 702 (1974). Under the double jeopardy clause, when evaluating whether a state legislature intended to prescribe cumulative punishments for a single criminal incident, a federal court is bound by a state court's determination of the legislature's intent.  *See Ohio v. Johnson,* 467 U.S. at 499, 104 S. Ct. at 2541.  . . . .

> Thus, for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination. *See Smith v. Sowders*, [848 F.2d 735 (6th Cir. 1988)], (Kentucky Court of Appeals determination binding); *Hall v. Wainwright*, [493 F.2d 37 (5th Cir. 1974)].

[*Banner*, 886 F.2d at 780.]  Banner had urged this court to apply the *Blockburger* test to determine whether the two offenses are one for double jeopardy purposes.  The court declined to do so, noting the Supreme Court's statement in *Ohio v Johnson,* 467 U.S. at 493, n.8:

> It should be evident from our decision in *Missouri v. Hunter*, however, the *Blockburger* test does not necessarily control the inquiry into the intent of a state legislature.  Even if the crimes are the same under *Blockburger*, if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end.

[*Banner*, 886 F.2d at 780-81.]  Nevertheless, the *Banner* panel continued its inquiry in light of this court's *en banc* decision in *Pryor v. Rose*, 724 F.2d 525 (6th Cir. 1984), explaining:

> In *Pryor,* a habeas case involving the question of multiple punishments, our en banc court independently interpreted the scope of Tennessee criminal statutes for purposes of double jeopardy analysis. While indicating that the views of the Tennessee Supreme Court on the double jeopardy issue were entitled to consideration, *id.* at 530, relying upon *Whalen v. United States,* 445 U.S. 684, 692, 100 S. Ct. 1432, 1438, 63 L. Ed. 2d 715 (1980), and its application of *Blockburger,* we held that multiple punishment was forbidden under the double jeopardy clause.  In evaluating Pryor's claim and holding that the Tennessee legislature did not intend cumulative punishments, we stated: "We therefore hold that the Tennessee legislature *has not clearly indicated that consecutive sentences are proper* in the situation presented by this case."  724 F.2d at 531 (emphasis supplied).  Analysis in prior Tennessee cases, we held, was "wholly unacceptable under *Whalen,* which requires that the legislature 'clearly indicate' that consecutive sentences are permissible for offenses which are the same under the *Blockburger* test."  *Id.*
>
> Thus, in evaluating Banner's claim in light of *Blockburger,* there is a tension between: (1) adherence to the multiple punishment determination made by the Tennessee Court of Criminal Appeals and Tennessee Supreme Court and (2) application of the *Blockburger* test (which is used as a gauge for determining legislative intent) as it was interpreted in *Whalen* and applied in *Pryor.* This ambiguity is underlined by the Supreme Court's statement in *Ohio v. Johnson* that "The *Blockburger* test *does not necessarily control* the inquiry into the intent of a state legislature."  467 U.S. at 493 n.8, 104 S. Ct. at 2541 n.8 (emphasis supplied). To resolve this tension, we must determine whether a state court judgment must establish that the state legislature *clearly intended* cumulative punishment before a federal court is bound by that determination for purposes of double jeopardy analysis, as is apparently indicated by *Pryor.*

[*Banner*, 886 F.2d at 781.]  The *Banner* panel discussed its uncertainty over the scope of *Blockburger, id.* at 782, distinguished *Pryor* as "limited to a narrow situation in which the state courts below had failed to give a clear expression on the issue of cumulative punishment," *id.*,  and ultimately concluded that because the Tennessee courts had

already held that the Tennessee Legislature intended cumulative punishments, further analysis under *Blockburger* would be improper.[8]

In the instant case, although we agree with the district court that the two statutes at issue here punish the same offense under *Blockburger*, we can find no basis upon which to make the distinction drawn by the court in granting the habeas petition. While this may be the case that prompts the Supreme Court to refine its analysis, the Court has never held or intimated that the constitutional bar against double jeopardy circumscribes the legislative prerogative to define crimes and prescribe punishment in the context of a single prosecution. While no case is directly on point in upholding multiple punishments under two statutes that define the same offense as these do here, the Supreme Court has repeatedly described the third aspect of the Double Jeopardy Clause – the protection against multiple punishments for the same offense imposed in a single proceeding – as protecting only against the imposition of punishment in excess of that authorized by the legislature.[9]

---

[8]The court concluded:

> Contrary to Banner's assertion, then, we may not use the *Blockburger* test-a rule of statutory construction for federal statutes-to independently evaluate the scope of the Tennessee statutes here, the Tennessee Court of Criminal Appeals and Supreme Court having already held that the legislature intended cumulative punishments. Accordingly, Banner has not been assessed cumulative punishments in violation of the double jeopardy clause.

[9]In *Jones v Thomas*, 491 U.S. 376 (1989), the Supreme Court explained:

> Our cases establish that in the multiple punishments context, that interest is "limited to ensuring that the total punishment did not exceed that authorized by the legislature." *United States v. Halper,* 490 U.S. 435, 450, 109 S. Ct. 1892, 1903, 104 L. Ed.2d 487 (1989); see *Johnson, supra,* 467 U.S. at 499, 104 S. Ct., at 2540; *Missouri v. Hunter,* 459 U.S. 359, 366-367, 103 S. Ct. 673, 678-679, 74 L. Ed.2d 535 (1983). The purpose is to ensure that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments. See, *e.g., Johnson, supra,* 467 U.S. at 499, 104 S. Ct., at 2540. In this case, respondent's conviction of both felony murder and attempted robbery gave rise to a double jeopardy claim only because the Missouri Legislature did not intend to allow conviction and punishment for *both* felony murder and the underlying felony. *E.g., Hunter, supra,* 459 U.S. at 368, 103 S. Ct., at 679; see also *Morgan, supra,* 612 S.W.2d, at 1; *Olds, supra,* 603 S.W.2d, at 510 (construing Missouri statute).

> Given that, in its application to the case before us, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended," *Hunter, supra*, 459 U.S. at 366, 103 S. Ct., at 678, the state-court remedy [vacating the attempted-robbery conviction and sentence and giving credit against the felony-murder sentence] fully vindicated respondent's double jeopardy rights.

Indeed, in the face of repeated assertions of this principle in majority opinions of the Supreme Court, only Justice Marshall (joined by Justice Stevens, in *Missouri v. Hunter*, 459 U.S. at 369-71), and Justice Stewart (joined by Justices Marshall and Stevens, in *Albernaz*, 450 U.S. at 344), have expressed the view that the multiple-punishment aspect of the Double Jeopardy Clause limits a legislature's power to define offenses and prescribe punishment.[10]

---

[10]In *Missouri v. Hunter*, the Missouri Supreme Court had repeatedly interpreted the *Blockburger* test as precluding convictions of armed criminal action and armed robbery based on the same conduct, notwithstanding that the Missouri legislature had expressed its clear intent that a defendant should be subject to conviction and sentence under both statutes. The Missouri Supreme Court had stated:

> "Until such time as the Supreme Court of the United States declares clearly and unequivocally that the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution does not apply to the legislative branch of government, we cannot do other than what we perceive to be our duty to refuse to enforce multiple punishments for the same offense arising out of a single transaction." 619 S.W.2d, at 51.

[*Hunter*, 459 U.S. at 364-65.] The *Hunter* majority responded:

> This view manifests a misreading of our cases on the meaning of the Double Jeopardy Clause of the Fifth Amendment; we need hardly go so far as suggested to decide that a legislature constitutionally can prescribe cumulative punishments for violation of its first-degree robbery statute and its armed criminal action statute.

> III

> * * * Particularly in light of recent precedents of this Court, it is clear that the Missouri Supreme Court has misperceived the nature of the Double Jeopardy Clause's protection against multiple punishments. With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.

> In *Whalen v. United States,* 445 U.S. 684, 100 S. Ct. 1432, 63 L. Ed.2d 715 (1980), we addressed the question whether cumulative punishments for the offenses of rape and of killing the same victim in the perpetration of the crime of rape was contrary to federal statutory and constitutional law. A divided Court relied on *Blockburger v. United States,* 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), in holding that the two statutes in controversy proscribed the "same" offense. . . . .

> In *Whalen* we also noted that *Blockburger* established a rule of statutory construction in these terms:

>> The assumption underlying the rule is that Congress *ordinarily* does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments *in the absence of a clear indication of contrary legislative intent.*" 445 U.S., at 691-692, 100 S. Ct., at 1437-1438 (emphasis added).

> We went on to emphasize the qualification on that rule:

>> "[W]here the offenses are the same ... cumulative sentences are not permitted, *unless elsewhere specially authorized by Congress.*" *Id.,* at 693, 100 S. Ct., at 1438 (emphasis added).

It is clear, therefore, that the result in *Whalen* turned on the fact that the Court saw no "clear indication of contrary legislative intent." . . . .

In *Albernaz v. United States,* 450 U.S. 333, 101 S. Ct. 1137, 67 L. Ed.2d 275 (1981), we addressed the issue whether a defendant could be cumulatively punished in a single trial for conspiracy to import marihuana and conspiracy to distribute marihuana. There, in contrast to *Whalen,* we concluded that the two statutes did not proscribe the "same" offense in the sense that "'each provision requires proof of a fact [that] the other does not.'" 450 U.S. 339, 101 S. Ct. at 1142, quoting *Blockburger, supra,* 284 U.S., at 304, 52 S. Ct., at 182. We might well have stopped at that point and upheld the petitioners' cumulative punishments under the challenged statutes since cumulative punishment can presumptively be assessed after conviction for two offenses that are not the "same" under *Blockburger.* See, *e.g., American Tobacco Co. v. United States,* 328 U.S. 781, 66 S. Ct. 1125, 90 L. Ed. 1575 (1946). However, we went on to state that because:

> "[t]he *Blockburger* test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose *the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent.*" *Albernaz v. United States, supra,* 450 U.S., at 340, 101 S. Ct., at 1143 (emphasis added).

We found "[n]othing ... in the legislative history which ... discloses an intent contrary to the presumption which should be accorded to these statutes after application of the *Blockburger* test." *Ibid.* We concluded our discussion of the impact of clear legislative intent on the *Whalen* rule of statutory construction with this language:

> [T]he question of what punishments are constitutionally permissible is no different from the question of what punishment the Legislative Branch intended to be imposed. *Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution.*" *Id.,* at 344, 101 S. Ct., at 1145 (emphasis added) (footnote omitted).

Here, the Missouri Supreme Court has construed the two statutes at issue as defining the same crime. In addition, the Missouri Supreme Court has recognized that the legislature intended that punishment for violations of the statutes be cumulative. We are bound to accept the Missouri court's construction of that State's statutes. See *O'Brien v. Skinner,* 414 U.S. 524, 531, 94 S. Ct. 740, 743, 38 L. Ed.2d 702 (1974). However, we are not bound by the Missouri Supreme Court's legal conclusion that these two statutes violate the Double Jeopardy Clause, and we reject its legal conclusion.

Our analysis and reasoning in *Whalen* and *Albernaz* lead inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in *Whalen* is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments.

[*Hunter*, 459 U.S. at 365-68.] Justice Marshall, in dissent, responded:

* * * For the reasons stated below, I do not believe that the phrase "the same offence" should be interpreted to mean one thing for purposes of the prohibition against multiple prosecutions and something else for purposes of the prohibition against multiple punishment.

First-degree robbery and armed criminal action constitute the same offense under the test set forth in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S. Ct.

More recently, Justice Scalia has expressed the view that the prohibition against multiple punishment is not "a free-standing constitutional prohibition implicit in the Double Jeopardy Clause," but rather, "an aspect of the Due Process Clause requirement of legislative authorization." *Dep't of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 798 (1994) (Scalia, J., dissenting, joined by Thomas, J.); *Hudson v. United States*, 522 U.S. 93, 106 (1997) (Scalia, J., concurring, joined by Thomas, J.). Neither Justice Marshall's nor Justice Scalia's view has been adopted by a majority of the Court. The current jurisprudence allows for multiple punishment for the same offense provided the legislature has clearly indicated its intent to so provide, and recognizes no exception for necessarily included, or overlapping offenses.

We therefore REVERSE.

---

180, 182, 76 L. Ed. 306 (1932). To punish respondent for first-degree robbery, the State was not required to prove a single fact in addition to what it had to prove to punish him for armed criminal action. The punishment imposed for first-degree robbery was not predicated upon proof of any act, state of mind, or result different from that required to establish armed criminal action. Respondent was thus punished twice for the elements of first-degree robbery: once when he was convicted and sentenced for that crime, and again when he was convicted and sentenced for armed criminal action.

A State has wide latitude to define crimes and to prescribe the punishment for a given crime. For example, a State is free to prescribe two different punishments (*e.g.,* a fine and a prison term) for a single offense. But the Constitution does not permit a State to punish as two crimes conduct that constitutes only one "offence" within the meaning of the Double Jeopardy Clause. For whenever a person is subjected to the risk that he will be convicted of a crime under state law, he is "put in jeopardy of life or limb." If the prohibition against being "twice put in jeopardy for "the same offence is to have any real meaning, a State cannot be allowed to convict a defendant two, three, or more times simply by enacting separate statutory provisions defining nominally distinct crimes. If the Double Jeopardy Clause imposed no restrictions on a legislature's power to authorize multiple punishment, there would be no limit to the number of convictions that a State could obtain on the basis of the same act, state of mind, and result. A State would be free to create substantively identical crimes differing only in name, or to create a series of greater and lesser-included offenses, with the first crime a lesser-included offense of the second, the second a lesser-included offense of the third, and so on.

[*Missouri v. Hunter*, 459 U.S. at 369-71 (Marshall, J., dissenting, joined by Stevens, J.) footnotes omitted.]