HELENE N. WHITE,
Circuit Judge, concurring.
I concur in the result of the lead opinion but my reasoning is more in line with the *512 dissent. The federal courts generally have no role in determining whether the federal Double Jeopardy Clause is violated when a defendant is convicted of multiple offenses in a single proceeding. Rather, the question in such circumstances is whether the state legislature intended that there be multiple punishment under the circumstance; and “[w]hen assessing the intent of a state legislature, a federal court is bound by a state court’s construction of that state’s own statutes.” Banner v. Davis, 886 F.2d 777, 780 (6th Cir.1989) (citations omitted). Had the state appellate court ruled that multiple punishment was intended that would be the end of this case, without regard to Blockburger or any other test for determining whether two offenses are the same offense. See id. at 780-82. The wrinkle here is that the state appellate court did not rule on the double jeopardy question; it ruled on the waiver question. For that reason, I believe the dissenting opinion correctly wades into those waters. I agree that the correct inquiry to determine whether the double jeopardy claim could constitutionally be waived by the plea is whether the violation is clear on the face of the indictment or requires factual development, and that in the instant case, the violation is not clear on the face of the indictment and factual development is necessary. Here, I part ways with the dissent. Although the affidavit cited by the dissent appears to support Groves’s claim, the affidavit does not establish that the charge, “judged on its face[,] ... is one which the State may not constitutionally prosecute.” Menna v. New York, 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195. (1975). In United States v. Broce, the Supreme Court rejected a double jeopardy challenge brought by two defendants as foreclosed by their guilty pleas, reasoning that their double jeopardy claim did not fall within Menna’s exception to the waiver rule because they could not “prove their claim by relying on th[eir] indictments and the existing record.” 488 U.S. 563, 576, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). These eases do not establish that an affidavit can be considered in the guilty-plea context to prove that the same conduct gives rise to both charges. Reference to an affidavit is, in my view, inappropriate. An affidavit can be contradicted by other affidavits, and the presence of an affidavit in the record without more does not support its accuracy. Thus, the decision of the Kentucky Court of Appeals was not an unreasonable application of Menna and Broce.
I feel constrained to observe that Marshall v. Commonwealth, 625 S.W.2d 581 (Ky.1981), and Gilbert v. Commonwealth, 637 S.W.2d 632 (Ky.1982), were decided long before Groves pled guilty and have not been overruled. If in fact the reckless endangerment here was part of the robbery, one must wonder why trial counsel did not address the issue before Groves entered his pleas, and why this issue was not included in the ineffective-assistanee-of-counsel claims.