**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 14a0765n.06

**Case No. 13-1695**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Oct 03, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DIEGO GALVAN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JOHN PRELESNIK, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | O P I N I O N |

BEFORE: COLE, Chief Judge; KEITH and BATCHELDER, Circuit Judges.

COLE, Chief Judge. Petitioner–Appellant Diego Galvan, a Michigan prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. He argues that his conviction of both first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), and the predicate felony of first-degree home invasion, *id.* § 750.110a(2), violates the Double Jeopardy Clause of the Fifth Amendment. For the reasons set forth below, we affirm the judgment of the district court.

## I. BACKGROUND

### A. The Facts

Galvan's convictions arise from the shooting death of Laval Crawford outside his home on September 13, 2008.

Galvan and his codefendants—Jean Carlos Cintron, Bryan Valentin, and Raul Galvan—went to Antoine Hurner's house looking for Crawford because Crawford had allegedly robbed Cintron. After Hurner refused to give Crawford's contact information, the group left.

Later, Galvan and his codefendants forced their way into Crawford's home. Once Crawford arrived outside the home, the group went out the front door and fired their guns. Crawford was hit twice. It is unclear who fired the first shot that hit Crawford. However, according to eyewitness Teisha Johnson, Galvan fired the second shot that hit Crawford.

Defendant Galvan was tried in Michigan state court along with his codefendants. Valentin had a separate jury.

After trial, Galvan was convicted of felony murder, Mich. Comp. Laws § 750.316(1)(b), second-degree murder, *id.* § 750.317, first-degree home invasion, *id.* § 750.110a(2), and three counts of possession of a firearm during the commission of a felony, *id.* § 750.227b. He was sentenced to concurrent sentences of life for felony murder, forty to sixty years for second-degree murder, ten to thirty years for home invasion, and concurrent sentences of two years for each firearm conviction. *People v. Galvan*, No. 292877, 2010 WL 5093376, at *1 (Mich. Ct. App. Dec. 14, 2010).

### B. Procedural History

#### 1. State Appellate Process

On direct appeal, Galvan argued that (1) his trial counsel was ineffective for failing to request a separate trial from his codefendants, failing to conduct a pretrial investigation, and failing to file certain pretrial motions; (2) his convictions for felony murder and second-degree murder violated the Double Jeopardy Clause of the Michigan and United States Constitutions; (3) his convictions for felony murder and the predicate felony of home invasion violated the

Double Jeopardy Clause of the Michigan and United States Constitutions; and (4) his sentence was misscored under the state guidelines. *Id.* at *1-5.

The Michigan Court of Appeals agreed that Galvan's conviction for felony murder and second-degree murder for the death of a single victim violated the Double Jeopardy Clause and that his sentence was misscored. The court rejected Galvan's remaining claims. *Id.* In rejecting Galvan's claim that his convictions for felony murder and the predicate felony of home invasion violated the Double Jeopardy Clause, the Michigan Court of Appeals stated:

> Convicting and sentencing a defendant for both felony murder and the predicate felony does not violate double jeopardy if each offense has an element that the other does not. Home invasion contains an element not contained in felony murder, namely, the breaking and entering of a dwelling. Felony murder contains an element not contained in home invasion, namely, the killing of a human. Accordingly, this combination of convictions does not constitute a double jeopardy violation.

*Id.* at *4 (citations omitted). The Michigan Supreme Court denied Galvan's application for leave to appeal. *People v. Galvan*, 796 N.W.2d 254 (Mich. 2011).

### 2. Federal Habeas Review

Galvan then petitioned for habeas corpus relief under 28 U.S.C. § 2254. He raised the same claims that he raised on direct appeal except for his challenge to the scoring of his sentence. The magistrate judge issued a report and recommendation denying relief. The district court adopted the magistrate judge's recommendation to deny relief and denied Galvan a certificate of appealability. Galvan appealed, and this court granted him a certificate of appealability on his double jeopardy claim.

## II. ANALYSIS

### A. Standard of Review

For habeas petitions, this court reviews a district court's legal conclusion *de novo* and its factual findings for clear error. *Adams v. Holland*, 330 F.3d 398, 400 (6th Cir. 2003). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires us to deny habeas relief to a claim adjudicated by a state court on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is contrary to law as established by the Supreme Court if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The "unreasonable application of clearly established federal law" clause permits federal habeas relief if the state court correctly identified, but unreasonably applied, the governing legal principle from Supreme Court precedent to the facts of the petitioner's case. *Id.* at 413.

### B. Merits

Galvan argues that his conviction of both first-degree felony murder and the predicate felony of first-degree home invasion violates the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides, "No person . . . shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend. V. This clause is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794 (1969). The Due

Process Clause affords a criminal defendant three basic protections: (1) protection from a second prosecution of the same offense following acquittal; (2) protection from a second prosecution of the same offense following conviction; and (3) protection from multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled in part on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989)).

This case concerns the third protection. However, our review of this claim is limited. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). In *Blockburger v. United States*, 284 U.S. 299 (1932), the Supreme Court developed the "same elements" test to determine whether Congress authorized multiple punishments. It stated, "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304. "The *Blockburger* test, however, is a rule of statutory construction, not a constitutional test in and of itself." *Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013) (internal citations and quotation marks omitted).

"When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989). "Thus, for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination." *Id.*; *see also Dodge v. Robinson*, 625 F.3d 1014 (8th Cir. 2010) (denying a petition for habeas corpus based on a double-jeopardy multiple-punishment claim where the state court held, after applying *Blockburger*, that the two crimes were not the same offense and the

legislature therefore intended cumulative punishment); *McCloud v. Deppisch*, 409 F.3d 869, 871 (7th Cir. 2005) (same); *Birr v. Shillinger*, 894 F.2d 1160 (10th Cir. 1990) (same).

In *Pryor v. Rose*, 724 F.2d 525, 530-31 (6th Cir. 1984), this court seemed to imply that a federal habeas court does not have to defer to the state legislature and may conduct its own interpretation of a state's statutes in the double jeopardy context. However, in *Banner v. Davis*, we clarified that a federal court sitting in habeas can only conduct its own interpretation of a state's statutes in the "narrow situation in which the state courts below had failed to give a clear expression on the issue of cumulative punishment." 886 F.2d at 782.

Here the Michigan Appellate Court did consider the felony murder issue. It applied the "same elements" test from *Blockburger*, and it concluded that they were not the same offense because each had an element that the other did not. It stated, "Home invasion contains an element not contained in felony murder, namely, the breaking and entering of a dwelling. Felony murder contains an element not contained in home invasion, namely, the killing of a human." *Galvan*, 2010 WL 5093376, at *4 (internal citations omitted). Whether or not we agree with this analysis, in this instance, we must defer to the state courts in their interpretation of state law.

### III. Conclusion

For the foregoing reasons, we affirm the district court's judgment.